Finn W. Dusenbery
LAW OFFICE OF FINN W. DUSENBERY
26 Broadway, 21st Fl
New York, NY 10004
finn@dusenberylaw.com

D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Ste 601
New York, NY 10004
maimon@jk-llp.com

John S. Manna, Esq.
32 Broadway, Ste 601
New York, NY 10004

*Attorneys for Named Plaintiff, proposed FLSA
Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x

| | |
|---|---|
| **CARL ORLANDO, JR., on behalf of himself and others similarly situated,** | **INDEX NO.** |
| **Plaintiff,** | **COMPLAINT** |
| **v.** | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **LIBERTY ASHES, INC., FRANCESCO BELLINO, MICHAEL BELLINO, JR., STEPHEN BELLINO, and MICHAEL BELLINO,** | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

--------------------------------------------------------x

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  This Court has supplemental jurisdiction over the New York state law claims, as they

are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      All Defendants are hereinafter collectively referred to as "Defendants."

4.      Defendant Liberty Ashes, Inc. ("Liberty Ashes") is a New York corporation which operates a waste management company.

5.      Upon information and belief, Liberty Ashes has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and an annual gross volume of sales in excess of $500,000.

6.      Defendant Francesco Bellino is actively involved in the management of Liberty Ashes.

7.      Defendant Francesco Bellino has the power to hire and fire employees of Liberty Ashes.  For example, Defendant Francesco Bellino hired Plaintiff Carl Orlando, Jr.

8.      Defendant Francesco Bellino has the power to set the rates of pay of employees of Liberty Ashes.  For example, Defendant Francesco Bellino set Plaintiff Carl Orlando, Jr.'s rate of pay.

9.      Defendant Francesco Bellino has the power to set the schedules of employees of Liberty Ashes.  For example, Defendant Francesco Bellino told Plaintiff Carl Orlando, Jr. that Plaintiff Carl Orlando, Jr. would work at night for Defendants.

10.     Defendant Francesco Bellino was involved in creating and/or maintaining the payroll policies that are the subject of this lawsuit.

11.     Defendant Francesco Bellino exercises sufficient control of Liberty Ashes' day to day operations to be considered an employer of Plaintiff Carl Orlando, Jr. and those similarly situated under the FLSA and New York Labor Law.

12.     Upon information and belief, Defendant Michael Bellino, Jr. is actively involved in the management of Liberty Ashes.

13.     Upon information and belief, Defendant Michael Bellino, Jr. has the power to hire and fire employees of Liberty Ashes.

14.     Upon information and belief, Defendant Michael Bellino, Jr. has the power to set the rates of pay of employees of Liberty Ashes.

15.     Upon information and belief, Defendant Michael Bellino, Jr. has the power to set the schedules of employees of Liberty Ashes.

16.     Upon information and belief, Defendant Michael Bellino, Jr. was involved in creating and/or maintaining the payroll policies that are the subject of this lawsuit.

17.     Upon information and belief, Defendant Michael Bellino, Jr. exercises sufficient control of Liberty Ashes' day to day operations to be considered an employer of Plaintiff Carl Orlando, Jr. and those similarly situated under the FLSA and New York Labor Law.

18.     Upon information and belief, Defendant Stephen Bellino owns and/or operates Liberty Ashes.

19.     Upon information and belief, Defendant Stephen Bellino has authority over personnel decisions for Liberty Ashes.

20.     Upon information and belief, Defendant Stephen Bellino has authority over payroll decisions for Liberty Ashes.

21.     Upon information and belief, Defendant Stephen Bellino supervises employees of Liberty Ashes.

22.     Upon information and belief, Defendant Stephen Bellino has authority to hire and fire employees for Liberty Ashes.

23.     Upon information and belief, Defendant Michael Bellino owns and/or operates Liberty Ashes.

24.     Upon information and belief, Defendant Michael Bellino has authority over personnel decisions for Liberty Ashes.

25.     Upon information and belief, Defendant Michael Bellino has authority over payroll decisions for Liberty Ashes.

26.     Upon information and belief, Defendant Michael Bellino supervises employees of Liberty Ashes.

27.     Upon information and belief, Defendant Michael Bellino has authority to hire and fire employees for Liberty Ashes.

28.     Plaintiff Carl Orlando, Jr. was employed as a sanitation worker for Defendants from in or around July 2015 to October 26, 2015.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt sanitation workers, employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

30.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

31.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

32.     Plaintiff brings the Second and Third Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt sanitation workers of Defendants at any New York location on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

33.     All said persons, including Plaintiff, are referred to herein as the "Class."  The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P. 23.

34.   The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

35.   Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime and failing to give proper wage notices.  Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

36.   Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

37.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

engender.  Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

38.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

39.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)      Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b)      At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

c)      Whether Defendants properly compensated Plaintiff and Class members for overtime.

d)      Whether Defendants provided Plaintiff and Class members with the proper wage notices.

## FACTS

### Wage Allegations

40.     Plaintiff's Consent to Sue form is attached as Exhibit A.

41.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

42.     Plaintiff worked for Defendants as a sanitation worker from in or around July 2015 to October 26, 2015.

43.     Plaintiff's duties included driving a garbage truck, picking up garbage along the truck's route, and bringing it back to a company location in Jamaica, Queens.  Plaintiff generally worked with another sanitation worker as part of a sanitation worker crew and each sanitation worker's duties included either driving the garbage truck or picking up garbage along the truck's route.

44.     Plaintiff's garbage collection routes were in Brooklyn, Queens and Manhattan.

45.     Plaintiff typically worked five days per week, from Sunday to Thursday.

46.     Plaintiff generally worked from about 4:30 p.m. to 9:00 a.m., for a total of about seventy-seven and a half (77.5) hours per week.

47.     Plaintiff sometimes worked on Fridays as well, from about 4:30 p.m. to 9:00 a.m.

48.     During his employment, Defendants paid Plaintiff about $21.85 per hour for forty (40) hours of work per week and about $32.77 per hour for ten (10) hours per week, which equaled a gross amount of about $1200 per week.

49.     Defendants failed to pay Plaintiff an overtime premium for hours worked in excess of forty (40) per week.

50.     Defendants did not provide Plaintiff with the appropriate notices under New York Labor Law § 195.

51.     Defendants committed the foregoing acts against Plaintiff, the FLSA Collective, and the class Members.

52.     Defendants did not pay Plaintiff Orlando, Jr. for his last three days of work.

**Retaliation**

53.     On or around October 26, 2015, Plaintiff Orlando, Jr. complained to the shop steward, Jessie (last name unknown), that Defendants were not paying Plaintiff Orlando, Jr. overtime.  Jessie told Plaintiff Orlando, Jr. that he had to call someone about Plaintiff Orlando, Jr.'s overtime.

54.     Later that day, Jessie, on behalf of Defendants, terminated Plaintiff Orlando, Jr. because of his complaint about unpaid overtime.

55.     As a result of Defendants' actions, Plaintiff Orlando, Jr. has suffered lost wages and emotional distress, including embarrassment and humiliation.

### FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)**
**(Brought By Plaintiffs on Behalf of Himself**
**and the FLSA Collective Plaintiffs)**

56.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

57.     Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

58.     At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff and the FLSA Collective Plaintiffs at one and one half times the full federal minimum wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiff and FLSA Collective Plaintiffs had been entitled to overtime.

59.     Plaintiff, on behalf of himself the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime wages, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.***
**N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 142-2.2)**
**(Brought By Plaintiff on Behalf of Himself and the Class)**

60.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

61.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

62.     Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate of one-and-one-half times the full New York minimum wage for hours worked in excess of forty (40) hours per workweek.

63.     As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought By Plaintiff on Behalf of Himself and the Class)**

64.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

65.     Defendants did not provide Plaintiff and members of the Class with the notices required by N.Y. Lab. Law § 195.

66.     As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

### FOURTH CLAIM FOR RELIEF
**(FLSA Retaliation - 29 USC § 215**
**Brought by Plaintiff Orlando, Jr.)**

67.     Plaintiff incorporates and realleges each preceding paragraph as though set forth in full herein.

68.     Defendants willfully and unlawfully retaliated against Plaintiffs for his execution of protected activities, namely his complaint about unpaid overtime.

69.     In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

70.     Defendants' conduct violated the FLSA.

71.     As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered, and continues to suffer, monetary damages including, but not limited to, a loss of income, including past salary, and future salary.

72.     As a direct and proximate consequence of the Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered, and continues to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

73.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages and emotional distress, punitive damages, attorneys' fees, costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
**(NYLL Retaliation – N.Y. Lab. L. § 215**
**Brought by Plaintiff Orlando, Jr.)**

74.     Plaintiff incorporates and realleges each preceding paragraph as though set forth in full herein.

75.     Defendants willfully and unlawfully retaliated against Plaintiff for his execution of protected activities, namely his complaint about unpaid overtime.

76.     In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

77.     Defendants' conduct violated the New York Labor Law § 215.

78.     As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered, and continues to suffer, monetary damages including, but not limited to, a loss of income, including past salary, and future salary.

79.     As a direct and proximate consequence of the Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered, and continues to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

80.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages and emotional distress, liquidated damages, punitive damages, attorneys' fees, costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SIXTH CLAIM FOR RELIEF**
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201 *et seq.***
**Brought by Plaintiff Orlando, Jr.)**

81.     Plaintiff Orlando, Jr. realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

82.     At all relevant times, Defendants have been, and continue to be,  "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed "employee[s]" including Plaintiff Orlando, Jr.

83.     Throughout the relevant statute of limitations period, Defendants knowingly failed to pay Plaintiff Orlando, Jr. the federal minimum wage for each hour worked.

84.     Plaintiff Orlando, Jr. seeks damages in the amount of his unpaid minimum wage compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*
Brought by Plaintiff Orlando, Jr.)**

85.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

86.     Throughout the relevant statute of limitations period, Defendants did not pay Plaintiff Orlando, Jr. the New York minimum wage for all hours worked.

87.     Defendants' failure to pay Plaintiff Orlando, Jr. the New York minimum wage was willful.

88.     Plaintiff Orlando, Jr. seeks damages in the amount of his unpaid minimum wage compensation, liquidated damages as provided by the New York Labor Law for minimum wage violations, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF
**(New York State Frequency of Payments Violations, N.Y. Lab. L. §§ 191, 198
Brought By Plaintiff Orlando, Jr.)**

89.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

90.     Defendants never paid Plaintiff Orlando, Jr. for his last three days of work, in violation of N.Y. Lab. L. § 191.

91.    As a result of Defendants' willful and unlawful conduct, Plaintiff Orlando, Jr. is entitled to an award of damages in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C.    Designation of this action as a class action pursuant to F.R.C.P. 23.

D.    Designation of Plaintiff as Representative of the Class.

E.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.    Penalties available under applicable laws;

G.    Costs of action incurred herein, including expert fees;

H.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216,  N.Y. Lab. L. § 663 and other applicable statutes;

I.    Pre-judgment and post-judgment interest, as provided by law;

J.    Lost wages;

K.      Emotional distress;

L.      Statutory damages;

M.      Punitive damages; and

N.      Such other and further legal and equitable relief as this Court deems necessary, just

and proper.


Dated:  New York, New York                    Respectfully submitted,
            December 1, 2015


                                              By: /s/ Finn W. Dusenbery_____
                                                  Finn W. Dusenbery
                                                  LAW OFFICE OF FINN W. DUSENBERY
                                                  26 Broadway, 21st Fl
                                                  New York, NY 10004
                                                  Tel: 212-583-0030
                                                  Fax: (646) 786-3250

                                                  D. Maimon Kirschenbaum
                                                  JOSEPH & KIRSCHENBAUM LLP
                                                  32 Broadway, Ste 601
                                                  New York, NY 10004
                                                  Tel: (212) 688-5640
                                                  Fax: (212) 688-2548

                                                  John S. Manna, Esq.
                                                  32 Broadway, Ste 601
                                                  New York, NY 10004

                                                  *Attorneys for Named Plaintiff,*
                                                  *proposed FLSA Collective Plaintiffs,*
                                                  *and proposed Class*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.