UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
CARL ORLANDO, JR.,

                          Plaintiffs,                 15-cv-9434(RJS)

            v.                              **<u>ANSWER</u>**

LIBERTY ASHES, INC., FRANCESCO BELLINO,
MICHAEL BELLINO, JR., STEPHEN BELLINO,
AND MICHAEL BELLINO,

                          Defendants.

--------------------------------------------------------------------X

      Defendants Liberty Ashes, Inc., Francesco Bellino, Michael Bellino, Jr., Stephen Bellino, and Michael Bellino (collectively "Defendants"), by their attorneys, Trivella & Forte, LLP, as and for their Answer and affirmative defenses to the Complaint filed December 2, 2015, hereby admit, deny and allege as follows:

      1.     Defendants deny the allegations in paragraph 1 of the Complaint, except admit that Plaintiff purports to bring this action under the Fair Labor Standards Act ("FLSA").

      2.     Defendants deny the allegations in paragraph 2 of the Complaint, except admit Defendants conduct some business in the Southern District of New York.

      3.     The allegations contained within paragraph 3 of the Complaint require no response. To the extent the Court requires a response, the Defendants deny the paragraph.

      4.     Defendants admit the allegation contained within paragraph 4 of the Complaint that Liberty Ashes, Inc. is a New York corporation which operates a waste management company.

      5.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      Defendants deny the allegations in paragraph 6 of the Complaint.

7.      Defendants deny the allegations contained within paragraph 7 of the Complaint.

8.      Defendants deny the allegations in paragraph 8 of the Complaint.

9.      Defendants deny the allegations in paragraph 9 of the Complaint.

10.     Defendants deny the allegations in paragraph 10 of the Complaint.

11.      Defendants deny the allegations in paragraph 11 of the Complaint.

12.     Defendants deny the allegations in paragraph 12 of the Complaint.

13.     Defendants deny the allegations in paragraph 13 of the Complaint.

14.     Defendants deny the allegations in paragraph 14 of the Complaint.

15.     Defendants deny the allegations in paragraph 15 of the Complaint.

16.     Defendants deny the allegations in paragraph 16 of the Complaint.

17.      Defendants deny the allegations in paragraph 17 of the Complaint.

18.     Defendants deny the allegations in paragraph 18 of the Complaint.

19.     Defendants deny the allegations in paragraph 19 of the Complaint.

20.     Defendants deny the allegations in paragraph 20 of the Complaint including all the subparagraphs of that paragraph.

21.     Defendants deny the allegations in paragraph 21 of the Complaint.

22.     Defendants deny the allegations in paragraph 22 of the Complaint.

23.     Defendants deny the allegations in paragraph 23 of the Complaint.

24.     Defendants deny the allegations in paragraph 24 of the Complaint.

25.     Defendants deny the allegations in paragraph 25 of the Complaint.

26.     Defendants deny the allegations in paragraph 26 of the Complaint.

27.     Defendants deny the allegations in paragraph 27 of the Complaint.

28.     Defendants deny the allegations in paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint calls for a legal conclusion for which no response is required. To the extent the Court requires a response the Defendants deny the paragraph.

30.     Defendants deny the allegations in paragraph 30 of the Complaint.

31.     Defendants deny the allegations in paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint calls for a legal conclusion for which no response is required. To the extent the Court requires a response the Defendants deny the paragraph.

33.     Defendants deny the allegations in paragraph 33 of the Complaint.

34.     Defendants deny the allegations in paragraph 34 of the Complaint.

35.     Defendants deny the allegations in paragraph 35 of the Complaint.

36.     Defendants deny the allegations in paragraph 36 of the Complaint.

37.     Defendants deny the allegations in paragraph 37 of the Complaint.

38.     Defendants admit the allegations in paragraph 38 of the Complaint.

39.     Defendants deny the allegations in paragraph 39 of the Complaint.

40.     Paragraph 40 of the Complaint calls for a factual conclusion for which no response is required. To the extent the Court requires a response the Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41.     Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Defendants admit the allegations in paragraph 42 of the Complaint.

43.     Defendants admit the allegations in paragraph 43 of the Complaint.

44.     Defendants admit the allegations in paragraph 44 of the Complaint.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46.     Defendants deny the allegations in paragraph 46 of the Complaint.

47.     Defendants deny the allegations in paragraph 47 of the Complaint, except admit sometimes Plaintiff worked Fridays.

48.     Defendants deny the allegations in paragraph 48 of the Complaint.

49.     Defendants deny the allegations in paragraph 49 of the Complaint.

50.     Paragraph 50 of the Complaint calls for a legal conclusion for which no response is required. To the extent the Court requires a response the Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Defendants deny the allegations in paragraph 51 of the Complaint, except admit that Plaintiff was paid weekly by Sanitation Salvage.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

53.     Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

55.     Defendants deny the allegations in paragraph 55 of the Complaint.

56.     Defendants repeat and reallege each and every response to Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.     Defendants deny the allegations in paragraph 57 of the Complaint.

58.     Defendants deny the allegations in paragraph 58 of the Complaint.

59.     Defendants deny the allegations in paragraph 59 of the Complaint.

60.     Defendants repeat and reallege each and every response to paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61.     The allegations contained within paragraph 61 of the Complaint set forth legal conclusions for which no response is required.  To the extent the Court requires a response, the Defendants deny the paragraph.

62.     Defendants deny the allegations in paragraph 62 of the Complaint.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     Defendants repeat and reallege each and every response to Paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65.     Defendants deny the allegations in paragraph 65 of the Complaint and respectfully refer the Court to the statute referenced in paragraph 65 for their true content and meaning.

66.     Defendants deny the allegations in paragraph 66 of the Complaint.

67.     Defendants repeat and reallege each and every response to Paragraphs 1 through 66 of the Complaint as if fully set forth herein.

68.     Defendants deny the allegations in paragraph 68 of the Complaint.

69.     Defendants deny the allegations in paragraph 69 of the Complaint.

70.     Defendants deny the allegations in paragraph 70 of the Complaint.

71.     Defendants deny the allegations in paragraph 71 of the Complaint.

72.     Defendants deny the allegations in paragraph 72 of the Complaint.

73.     Defendants deny the allegations in paragraph 73 of the Complaint.

74.     Defendants repeat and reallege each and every response to paragraphs 1 through 73 of the Complaint as if fully set forth herein.

75.     Defendants deny the allegations in paragraph 75 of the Complaint.

76.     Defendants deny the allegations in paragraph 76 of the Complaint.

77.     Defendants deny the allegations in paragraph 77 of the Complaint.

78.     Defendants deny the allegations in paragraph 78 of the Complaint.

79.     Defendants deny the allegations in paragraph 79 of the Complaint.

80.     Defendants deny the allegations in paragraph 80 of the Complaint.

81.     Defendants repeat and reallege each and every response to Paragraphs 1 through 80 of the Complaint as if fully set forth herein.

82.     Defendants deny the allegations in paragraph 82 of the Complaint and respectfully refer the Court to the statute referenced therein for its true content and meaning.

83.     Defendants deny the allegations in paragraph 83 of the Complaint.

84.     Defendants deny the allegations in paragraph 84 of the Complaint.

85.     Defendants repeat and reallege each and every response to Paragraphs 1 through 84 of the Complaint as if fully set forth herein.

86.     Defendants deny the allegations in paragraph 86 of the Complaint.

87.     Defendants deny the allegations in paragraph 87 of the Complaint.

88.     Defendants deny the allegations in paragraph 88 of the Complaint.

89.     Defendants repeat and reallege each and every response to Paragraphs 1 through 88 of the Complaint as if fully set forth herein.

90.     Defendants deny the allegations in paragraph 90 of the Complaint.

91.     Defendants deny the allegations in paragraph 91 of the Complaint.

92.     Defendants deny the Plaintiff is entitled to any damages listed in the Prayer for Relief section of the Complaint.

## AS AND FOR A FIRST AFIRMATIVE DEFENSE

93.     Plaintiff is subject to the exemptions to the maximum hour requirements, including the motor carrier exemption, as in the Fair Labor Standards Act. 29 U.S.C. Section 213(b) (1) and New York Labor Law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

94.     The claims in the Complaint fail to state a cause of action for which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

95.     To the extent the Complaint seeks damages more than 2 years prior to the interposition of the Complaint or other statutory limitations of time, the claims are barred by the applicable Statute of Limitations. 29 U.S.C. Section 255.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

96.     To the extent Plaintiff was a manager or supervisor or otherwise exempt from the Fair Labor Standards Act pursuant to 29 U.S.C. Section 213 or New York Labor Law Defendants would not be required to pay overtime/spread of hours compensation to the Plaintiff and would not otherwise be liable to the Plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

97.     To the extent Plaintiff did not work more than forty hours in a given week or more than ten hours on a given day or otherwise did not work more than the hours specified in 29 U.S.C. Section 207(a) (1) or New York Labor Law governing spread of hours/overtime Plaintiff is not entitled to overtime/spread of hours pay.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

98.     The Court lacks subject matter jurisdiction over the Defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

99.     The state law class action claims alleged in the Complaint are subject to dismissal as preempted or otherwise procedurally inconsistent with the Fair Labor Standards Act, and pendent jurisdiction does not apply and/or is inappropriate with respect to these causes of action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

100.    Plaintiff fails to state a cognizable legal claim against the individual Defendants.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

101.    Attorneys' fees and expert fees and punitive damages are inappropriate relief.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

102.    Defendants have paid Plaintiff all sums due and owing to Plaintiff.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

103.    Plaintiff lacks the capacity to sue in a representative capacity and otherwise does not meet federal and state procedural requirements for maintaining a class or collective action.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

104.    Plaintiff has failed to exhaust his contractual and arbitral remedies prior to commencing this litigation.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

105.    Plaintiff has failed to mitigate his damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

106.    Any damages Plaintiff suffered were the result of Plaintiff's own conduct or the conduct of third parties and not the result of the Defendants' actions.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

107.    The purported class Plaintiffs are not similarly situated and otherwise fail to

satisfy the requirements of 29 U.S.C. §216 and Fed. R. Civ. P. 23.  Plaintiff's class causes of action are dismissible as inconsistent with the Fair Labor Standards Act collective action procedure.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

108.    Defendants acted at all times in good faith and had reasonable grounds for the Liberty Ashes, Inc.'s pay practices and their belief that such practices complied with the FLSA and New York Law.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

109.    Even if Defendants are deemed to be liable for any amounts under the FLSA, Plaintiffs claims for relief are barred in whole or in part by the *de minimis* doctrine.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

110.    Defendants did not engage in willful or unlawful conduct.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

111.    Plaintiff's reservation of a claim for liquidated damages in the state class causes of action is inconsistent with and barred by applicable state and federal case law and statute.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

112.    To the extent Plaintiff or any putative Plaintiff is an illegal immigrant that Plaintiff is not entitled to back pay where the Plaintiff would not be permitted to work under the Immigration Reform and Control Act of 1986 (IRCA) and therefore was unavailable for work during the period of illegal status. *Sure-Tan v. NLRB,* 467 U.S. 883(1984), *NRLB v Apra Fuel*, 134 F.3d 50 (2d Cir. 1997) (back pay allowed only upon compliance with IRCA's verification requirements).

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

113.    The employee's wage claims and state law tort claim arising from an alleged

retaliatory discharge are preempted by the Fair Labor Standards Act and/or 29 U.S.C §185.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

114.    Plaintiff fails to satisfy the requirements of 29 U.S.C. § 215.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

115.    To the extent Plaintiff is seeking injunctive relief under the FLSA that relief is

barred as only the Secretary of Labor has authority to request such relief. *Roberg v. Henry

Phipps Estate*, 156 F.2d 958, 963 (2d Cir. 1946).


**WHEREFORE**, having fully answered all the counts of the Complaint, Defendants

respectfully demand judgment:

(a) Dismissing the Complaint in its entirety; and

(b) for the costs, attorneys' fees and disbursements of this action; and

(c) such other and different relief as the Court may deem just and proper.

Dated: January 27, 2016
White Plains, New York

Yours, etc.,

TRIVELLA & FORTE, LLP

_/s/*Christopher Smith* _____
By:  Christopher Smith (CS 9014)
Jonathan Bardavid (JB 0072)
*Attorneys for the Defendants*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
Telephone: (914) 949-9075
Facsimile: (914) 949-4752

To:

Finn W. Dusenbery, Esq.
LAW OFFICE OF FINN W. DUSENBERY
26 Broadway, 21st Floor
New York, NY 10004

D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Ste 601
New York, NY 10004

John S. Manna, Esq.
32 Broadway, Ste 601
New York, NY 10004
*Attorneys for Plaintiff*