LAW OFFICE OF FINN W. DUSENBERY

February 1, 2016

**By ECF and Electronic Mail**

Hon. Richard J. Sullivan
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, NY 10007

      **Re:    Orlando, Jr., et al. v. Liberty Ashes, Inc., et al.
             No. 15-cv-9434 (RJS)**

Dear Judge Sullivan:

      Together with Joseph & Kirschenbaum LLP and John S. Manna, Esq., I represent Plaintiffs in the above-referenced matter. In accordance with this Court's Individual Rules and Practices, I write to request that the initial conference scheduled for February 10, 2016 serve as a pre-motion conference in anticipation of Plaintiffs' Motion for Conditional Collective Certification and for Court Facilitation of Notice pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), or, in the alternative, that the Court schedule a pre-motion conference for the earliest convenient date.

      Plaintiffs seek to recover unpaid overtime compensation from Liberty Ashes, Inc., Francesco Bellino, Michael Bellino, Stephen Bellino, and Michael Bellino, Jr. (collectively, "Defendants") on behalf of all Defendants' sanitation workers, including drivers of Defendants' garbage trucks and helpers who threw garbage onto the trucks ("Covered Employees"). Plaintiffs' Complaint ("Complaint") alleges that Defendants paid sanitation workers a weekly amount, which was reflected on employees' weekly paychecks as forty (40) hours paid at a purported "regular rate" and ten (10) overtime hours paid at one and a half times the purported regular rate. However, Plaintiffs in fact worked more than ten (10) hours of overtime per week. In Defendants' Answer ("Answer"), Defendants have asserted that Plaintiffs are exempt from the FLSA's overtime requirements under the Motor Carrier Act. *See* 29 U.S.C. § 213(b)(1). However, this exemption is inapplicable, as Plaintiffs' job duties did not include driving in interstate commerce, as required by the exemption. *See* 49 U.S.C. § 13501.

      Under the FLSA "no employee shall be a party plaintiff to [a collective action] unless he gives his consent in writing…and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). "The consent procedures of 29 U.S.C. § 216(b) require that

26 Broadway, 21st Fl • New York, New York 10004
Phone (212) 583-0030 • Fax: (646) 786-3250

parties affirmatively "opt in" to the collective action by filing consents, and district courts have discretion to regulate notices sent to potential opt-in plaintiffs." *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 196 n.3 (S.D.N.Y. 2006).

Courts consider a plaintiff's pleadings and submitted affidavits to ascertain whether proposed class members are "similarly situated." *Lee*, 236 F.R.D. at 197. If the court finds the proposed class members to be "similarly situated," it will certify the class as a collective action and will authorize notice to the potential opt-ins. *Lee*, 236 F.R.D. at 197. If the names and addresses of potential opt-ins have not already been disclosed in discovery, it is proper for a court to order their disclosure at the time conditional certification is granted. *Lee*, 236 F.R.D. at 202 *citing Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989).

### A. The Statute of Limitations Makes it Critical that Notice be Sent

FLSA claims must be "commenced" within two years after the violation, or three years after a "willful violation." 29 U.S.C. § 255(a). However, 29 U.S.C. § 256 provides that in an FLSA collective action, the action "shall be considered to be commenced in the case of any individual claimant" only when the claimant files a "written consent" with the court. "[O]nly by 'opting in' will the statute of limitation on potential plaintiffs' claims be tolled." *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 95 (S.D.N.Y. 2003) (quotation omitted). The only way to prevent the progressive loss of claims is by the motion and Court approved notice.

### B. A Lenient Standard is Applied to the Similarly Situated Determination

Courts in the Second Circuit engage in a two-step approach when deciding a motion for conditional certification. *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010). "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id.* at 555. The burden on the plaintiffs to show that the proposed class members are similarly situated is lenient, and "courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998). "[P]laintiffs need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist." *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (quotation omitted). This description or "factual showing" is satisfied by allegations in the Plaintiffs' pleadings and affidavits that show a "colorable claim" that the proposed class members are similarly situated. *Lee*, 236 F.R.D. at 197-198.

The Court does not evaluate the merits of the claims or defenses. *Gjurovich v. Emanuel's Marketplace, Inc.*, 282 F. Supp. 2d at 96. A court may conditionally certify a class and authorize notice despite little or no discovery. *Masson v. Ecolab, Inc.*, 04-Civ-4488, 2005 WL 2000133, at *14 (S.D.N.Y. 2005); *Harrington v. Educ. Mgmt. Corp.*, 02-Civ-0787, 2002 WL 1009463, at *2 (S.D.N.Y. May 17, 2002); *Hoffman*, 982 F. Supp. 249, 262; *Realite*, 7 F. Supp. 2d at 306 ("[C]ourts have endorsed the sending of notice early in the proceeding, as a means of facilitating

the FLSA's broad remedial purpose and promoting efficient case management.") (internal citation omitted).

### C. Plaintiffs Will Establish that the Covered Employees are Similarly Situated

Plaintiffs will submit declarations and other supporting evidence demonstrating that Defendants uniformly failed to pay proper overtime compensation to Plaintiffs and will easily meet the lenient standard for the similarly situated determination. In other cases involving sanitation workers, courts have granted conditional certification based on Plaintiffs' affidavits stating that Defendants did not pay Plaintiffs proper overtime compensation for work performed in excess of forty (40) hours per week. *Cardenas v. AAA Carting and Rubbish Removal Corp.*, 12-cv-7178, 2013 WL 4038593, at *2 (S.D.N.Y. 2013); *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 58 (E.D.N.Y. 2011). Here, Plaintiffs will submit evidence that they did not receive proper overtime compensation and that the motor carrier exemption is inapplicable in this case, as Plaintiffs' job duties did not include driving in interstate commerce.

Accordingly, Plaintiffs respectfully request that the initial conference scheduled for February 10, 2016 serve as a pre-motion conference in anticipation of Plaintiffs' Motion for Conditional Collective Certification and for Court Facilitation of Notice pursuant to the FLSA, or, in the alternative, that the Court schedule a pre-motion conference for the earliest convenient date.

Respectfully submitted,

*Finn Dusenbery*

Finn W. Dusenbery