February 2, 2016

**By ECF and Electronic Mail**

Hon. Richard J. Sullivan
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Sq
New York, NY 10007

      Re:    Orlando, Jr. v. Liberty Ashes, Inc., et al.
               No. 15-cv-9434

Dear Judge Sullivan:

Pursuant to Your Honor's Order dated December 30, 2015, Plaintiffs' and Defendants' counsel write this joint letter providing requested information about the above-referenced matter.

**Nature of the Action**

In this putative class and collective action, the Plaintiffs assert claims for: (1) failure to pay overtime under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); and (2) failure to meet notice requirements under NYLL § 195. Specifically, Plaintiffs allege that Defendants did not pay Plaintiffs for all overtime hours worked per week. Furthermore, as an individual, Plaintiff Carl Orlando, Jr. asserts additional claims for retaliation, minimum wage violations and frequency of payment violations.

The primary legal and factual issues in this case are: (1) the number of hours that Plaintiffs worked per week; (2) whether Defendants properly compensated Plaintiffs for overtime, or hours worked in excess of forty (40) per week; and (3) whether this action is appropriately litigated on a class and/or collective basis.

Defendants deny any liability or violation of the law and assert the primary legal and factual issues in this case relate to the Defendants coverage by the motor carrier exemption to the Fair Labor Standards Act and New York Labor Law and whether the Court should decline to exercise pendent jurisdiction over Plaintiffs' state law claims. Defendants also maintain any litigation should be only by the individual Plaintiffs and not any collective or class.

**Subject Matter Jurisdiction and Venue**

*Plaintiffs' position*: This Court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. § 1331. This Court has subject matter jurisdiction over the

New York claims in this action pursuant to 28 U.S.C. § 1367 because the New York claims are so related to the federal law claims in this action as to form part of the same case or controversy under Article III of the United States Constitution. Venue is appropriate under 28 U.S.C. § 1391 because Defendants conduct business in this District and events or omissions giving rise to Plaintiffs' claims occurred in this District.

*Defendants' position*: This Court lacks subject matter jurisdiction as the Defendants are covered by the FLSA motor carrier exemption. This Court should decline to exercise pendent jurisdiction over the New York State causes of action and the New York state claims are preempted by the Fair Labor Standards Act.

**Motions**

*Plaintiffs' position*: Plaintiffs are moving for conditional collective certification of their FLSA claims pursuant to 29 U.S.C. § 216(b). For this motion, Plaintiffs will argue that certification is appropriate because Plaintiffs were paid in the same manner and subject to the same policy of Defendants not paying proper compensation for overtime.

*Defendants' position*: The Court should deny conditional collective certification, which is inappropriate as the Plaintiffs are not similarly situated to the putative collective plaintiffs. Defendants will seek to move the Court to bifurcate discovery, staying all discovery and any motion for conditional collective certification except discovery relating to Defendants' motor carrier exemption. Defendants will request, after discovery on these two issues is complete, the Court set a summary judgment briefing schedule.

**Discovery**

*Plaintiffs' position:* The parties have not yet engaged in any discovery. Plaintiffs anticipate that payroll records, time records, documents indicating work performed by Plaintiffs, documents showing the locations where Defendants conduct business and dispose of garbage, any documents or contracts concerning how Defendants track collected garbage dispose of it, and any documents concerning Defendants' practices and policies concerning overtime will be admissible and material. Plaintiffs may need such discovery before they can engage in meaningful settlement negotiations. Plaintiffs oppose Defendants' request to bifurcate discovery. Because Defendants wish to bifurcate discovery as set forth below, the parties have been unable to agree to a joint proposed Case Management Plan. Accordingly, Plaintiffs submit the attached proposed Case Management Plan, to which Defendants have not agreed.

*Defendants' position:* Defendants propose bifurcating discovery by staying all discovery not relating to the issue of motor carrier exemption under the Fair Labor Standards act and New York Law. Defendants will move this Court to stay discovery except that discovery relevant to the issue of whether the motor carrier exemption applies to the Defendants. At the close of this limited discovery Defendants will request leave to move for summary judgment dismissing the complaint as Defendants are covered by the motor carrier exemption to the Fair Labor Standards Act and, if this Court dismisses the Fair Labor Standards Act causes of action, the Court should, respectfully, decline to exercise supplemental jurisdiction over the state law claims. Defendants

also argue the Court should dismiss the causes of action against the individual Defendants as the individual Defendants are not, either *de facto* or *de jure*, employers as that term is defined by statute and common law and are otherwise not liable to the Plaintiffs. To the extent the Complaint contains a cause of action for damages accruing more than two years prior to the interposition of the Complaint, or more than six years prior to the interposition of the Complaint for the state law claims, Defendants assert the statute of limitations defense bars such recovery.

**Settlement Discussions**

The parties have not yet engaged in any settlement discussions.

**Estimated Length of Trial**

The parties estimate that a trial would last between three and four days.

Respectfully submitted,

/s/ Finn W. Dusenbery
Finn W. Dusenbery
Law Office of Finn W. Dusenbery
26 Broadway, 21st Fl
New York, NY 10014
finn@dusenberylaw.com

D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Ste 601
New York, NY 10004
maimon@jk-llp.com

*Attorneys for Plaintiffs*

/s/ Christopher A. Smith
Christopher A. Smith
TRIVELLA & FORTE, LLP
1311 Mamaroneck Ave, Ste 170
White Plains, NY 10605
111csmith111@gmail.com

*Attorney for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Carl Orlando, Jr.

Plaintiff,

-v-

Liberty Ashes, Inc. et. al.,

Defendant.

Plaintiffs' Proposed

No. 15 Civ. 9434 (RJS)
CASE MANAGEMENT PLAN AND
SCHEDULING ORDER

RICHARD J. SULLIVAN, District Judge:

Pursuant to Rules 16–26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order.

1. All parties do not [do/do not] consent to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c). [Please choose one. If all parties consent, the remainder of the Order need not be completed at this time.]

2. This case is (is/is not) to be tried to a jury. [Please choose one.]

3. No additional parties may be joined except with leave of the Court.

4. Amended pleadings may not be filed except with leave of the Court.

5. Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than 2/24/16. [Absent exceptional circumstances, within fourteen days of the date of the parties' conference pursuant to Rule 26(f).]

6. All *fact* discovery is to be completed no later than 8/10/16. [A period not to exceed 120 days unless the case presents unique complexities or other exceptional circumstances.] Plaintiffs believe that as a putative class and collective action this case presents unique complexities.

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 6 above.

   a. Initial requests for production of documents shall be served by 2/24/16

b. Interrogatories shall be served by 2/24/16.

c. Depositions shall be completed by 8/10/16.

    i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

    ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

    iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

d. Requests to Admit shall be served no later than 4/15/16.

8. All *expert* disclosures, including reports, production of underlying documents, and depositions shall be completed pursuant to the following deadlines:

    a. Expert(s) of Plaintiff(s): 9/9/16.

    b. Expert(s) of Defendant(s): 10/9/16.

9. All discovery shall be completed no later than 8/10/16.

10. The Court will conduct a post-discovery conference on _____. [*To be completed by the Court.*]

11. If either party contemplates a motion, the post-discovery conference will function as a pre-motion conference. Pre-motion letters are to be submitted by _____. [*To be completed by the Court.*] Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of submission of the initial pre-motion letter. Pre-motion letters and responses shall be submitted pursuant to Rule 1.A of the Court's Individual Practices.

12. If neither party contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

13. Counsel for the parties request a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request: [*Please check one. All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.*]

    a. _____ Referral to a Magistrate Judge for settlement discussions

    b. _____ Referral to the Southern District's Mediation Program
    [*Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 13(b) above.*]

    The parties are to contact _____ by _____.
    [***To be completed by the Court after consultation with the parties.***]

14. Parties have conferred and their present best estimate of the length of trial is 3-4 days

15. In the case of a discovery dispute, unless otherwise directed, parties should describe their discovery disputes in a single letter, jointly composed, not to exceed five pages. Separate and successive letters will not be read. Strict adherence to Fed. R. Civ. P. 37(a)(1), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place, and duration, naming the counsel involved in the discussion. The joint letter shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective parties claim for support. As a general matter, affidavits or exhibits are not permitted in connection with discovery dispute letters without prior written request and permission. However, when the dispute concerns the refusal to respond to a specific written request, the parties shall attach that request. If an opposing party refuses to participate in writing a joint letter or does not provide its portion of a joint letter within 72 hours of a party's request, a party may submit a letter without the opposing party's

3

contribution and shall attach a copy of the correspondence seeking the opposing party's contribution.

16. No request for an extension of the deadlines set forth in ¶¶ 6 or 9 shall be granted unless the parties seeking the extension show good cause for the extension and specifically explain (1) what discovery has already been completed, (2) what discovery remains to be done, and (3) why the parties were unable to comply with the preexisting deadlines. As a general matter, the Court will not adjourn a deadline by more than the number of days remaining from the time of the request to the original deadline. (For example, if at the time of the request there are twenty days left before the deadline, the Court will not adjourn the deadline more than twenty days.)

SO ORDERED.

DATED: _____, 20__
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE