**TRIVELLA & FORTE, LLP**
**ATTORNEYS AT LAW**
1311 MAMARONECK AVENUE, SUITE 170
WHITE PLAINS, NEW YORK 10605
(914) 949-9075
TELECOPIER (914) 949-4752

May 6, 2016

**By ECF and Electronic Mail:**

Hon. Richard J. Sullivan
U.S. District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Orlando v. Liberty Ashes, Inc., et al.*
        **15-cv-9434 (RJS)-Pre-motion conference letter**

Dear Judge Sullivan:

In accordance with the Court's Individual Rules and Practices and instructions at the 2/17/16 Court conference, the Defendants submit this letter requesting a pre-summary judgment motion conference, leave to move for summary judgment dismissing the Complaint, and a summary judgment motion briefing schedule. As the Court is aware, this is a wage and hour action in which Defendants have asserted Defendants are exempt from the Fair Labor Standards Act and New York Labor Law overtime requirements pursuant to the motor carrier exemption. Discovery is currently closed regarding issues relating to the applicability of the motor carrier exemption. Defendants seek leave to move for summary judgment dismissing the action. The Court should dismiss the first, second and forth claims for relief in the Complaint if the Court determines Defendants are covered by the Fair Labor Standards Act/New York Labor Law overtime motor carrier exemption. Defendants will also argue if the Court dismisses the Fair Labor Standards Act causes of action the Court should in its discretion decline to exercise supplemental jurisdiction over any New York state cause of action. Defendants suggest the following briefing schedule:

- July 8, 2016- Deadline for any party to file motion papers;
- August 26, 2016 - Deadline for any party to file opposition papers;
- September 9, 2016- Deadline for any party to file reply papers;
- A date for oral argument.

The Motor Carrier Act exemption to the Fair Labor Standards Act overtime requirements, set forth in Section 13(b)(1) of the Fair Labor Standards Act (29 U.S.C. §213(b)(1)), if established, is a complete defense to Plaintiffs' Fair Labor Standards Act or New York Labor Law overtime wage liability causes of action.

Liberty Ashes, Inc. is a waste removal service company. Its business is in removing garbage and waste, freight and cardboard from commercial establishments throughout New York City. Liberty Ashes, Inc. is part of a continuous stream of shipment of materials it collects which is shipped to various locations outside of New York and throughout the United States and the World. Liberty Ashes, Inc.'s reach is global, as the trash it collects in the New York metro region is ultimately disposed of out of New York State and internationally. Liberty Ashes, Inc. collects tons of cardboard and freight and nonhazardous waste from its customers and delivers it to entities that transport the material abroad to either India or China or otherwise outside of New York.

Liberty Ashes, Inc. delivers materials to local transfer stations and other companies that ship the vast majority of Liberty Ashes, Inc. deliveries out of New York State. Liberty Ashes, Inc. is actively engaged in the transport of freight and cardboard which is ultimately destined for locations in other states and countries.

The Fair Labor Standards Act §§ 201, *et. Seq*., establishes, among other things, overtime pay standards for covered non-exempt workers. However, the Fair Labor Standards Act also sets forth various exemptions to its overtime requirements, one of which is the Motor Carrier Exemption ("MCE").

The MCE is contained within Section 13(b) (1) of the FLSA. It specifically provides an overtime exemption for employees who fall under the Secretary of Transportation's authority to establish qualifications and maximum hours of service pursuant to Section 204 of the Motor Carrier Act of 1935. This statutory exemption applies to drivers, driver's helpers, loaders, and mechanics employed by a common carrier whose activities directly affect the safety of operation of motor vehicles in the transportation on the public highways of passengers or property.

Liberty Ashes, Inc. and its employees fall squarely under the MCE based upon the plain terms of the statute and well-established case law. In *Graham v. Town & Country Disposal of Western Missouri*, 865 F.Supp.2d 952 (W.D. Mo. 2011), the Court considered whether the defendant, a trash collection business, was exempt under the Motor Carrier Act from the FLSA's overtime requirements. The Court explained that an employer claiming the Motor Carrier Exemption under the FLSA must meet three criteria:

1) That it is an employer whose transportation of passengers or property by motor vehicle is under the jurisdiction of the Secretary of Transportation;
2) That the employee is a driver, driver's helper, loader or mechanic; and
3) That the employee engages in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce.

*Graham v. Town & Country*, 865 F.Supp.2d 952, 956 (W.D. Missouri 2011).

In considering the first criteria of whether the Secretary of Transportation had jurisdiction over defendants' transportation of freight, the *Graham* Court looked to such things as whether defendant's trucks were registered with the Department of Transportation ("DOT"), whether the defendant was subject to audits and inspections by the DOT, and whether its employees complied with the DOT's pre-trip and post-trip inspection requirements. The Court affirmatively found that "the Secretary clearly appears to be exercising jurisdiction over [defendant's] trash collection business as it regulates [defendant's] operations from the registration to the inspection process." *Graham*, 865 F.Supp.2d at 956. The Court further explained that the defendant could satisfy the "transportation of property" requirement as that term reasonably includes trash. Id. at 958. The *Graham* Court proceeded to the second criteria and easily found that the plaintiffs were "loaders" or "driver's helpers" as defined by the Motor Carrier Act. Finally, the *Graham* Court looked to the third criteria of whether the loaders and helpers were engaged in activities directly affecting the safety of operations of motor vehicles within interstate commerce. *Id.* at 959. The Court found that because the employees exercised their judgment and discretion in determining whether items left for pickup were acceptable for loading into the trash collection trucks, and then placed, distributed and secured that trash in the vehicle, the employees were engaged in activities "directly affecting the safety of operations of motor vehicles within interstate commerce." *Id.* at 959.

Liberty Ashes, Inc., like the defendant in the *Graham* case, satisfies these criteria necessary to claim the Motor Carrier Exemption under the FLSA. Liberty Ashes, Inc. will prove it is under Secretary of Transportation's jurisdiction, as it maintains trucks registered with the DOT, and its employees conduct inspections pursuant to DOT regulations. Liberty Ashes, Inc. employs drivers, driver's helpers, loaders or mechanics whose duties affect the safety of operation of motor vehicles on public highways in interstate and foreign commerce. The drivers, loaders and helpers for Liberty Ashes, Inc. exercise independent discretion and judgment in deciding whether to pick up the items left for pickup and how to properly place the items in the trucks.

For these reasons Defendants request leave to file a summary judgment motion to dismiss this action and request a briefing schedule.

                                                                   Respectfully submitted,

                                                                   TRIVELLA & FORTE, LLP

                                                                   *Christopher A. Smith*

                                                                   Christopher Smith

cc: D. Schulman, Esq./F. Dusenbery, Esq./D. Kirschenbaum, Esq. (Plaintiffs' counsel) (via ECF and email)