UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CARL ORLANDO, Jr.,
on behalf of himself and other similarly          Case No. 15 CV 9434
situated individuals,

          **Plaintiffs,**

    v.

LIBERTY ASHES, INC., FRANCESCO
BELLINO, MICHAEL BELLINO, JR.,
STEPHEN BELLINO, and MICHAEL
BELLINO,

          **Defendants.**
-----------------------------------------------------------x

## DECLARATION OF RAMDEO PERSAD

RAMDEO PERSAD, being duly sworn, deposes and says:

1. I worked for Liberty Ashes, Inc. ("Liberty") as a helper and then driver on packer trucks from approximately 2004 to April 2014, and I am an Opt-In Plaintiff in this case.

2. The following statements are based on my personal knowledge.

3. When I started working for Liberty I worked as a helper. For roughly the last six months of my employment, I worked for Liberty as a driver.

4. To become a driver, I took a class through the New York Department of Transportation ("DOT") and then obtained a license through the DOT. Liberty did not train me to become a driver.

5. Throughout my employment with Liberty, I worked entirely within the state of New York.

6. The only type of vehicle I worked on at Liberty was a packer truck.

7. On the packer trucks, I primarily collected ordinary trash. Sometimes I collected

1

demolition materials, which were mixed with trash in the trucks and disposed of in the same way as trash.  For roughly six months of my employment, I also collected cardboard.

8. Every workday, I was assigned to a set route to pick up customers' trash and/or cardboard.

9. We brought the trash and demolition materials to Covanta, which is an incinerator, or a transfer station.  We brought the cardboard to recycling facilities.  The route sheet Liberty gave us each day listed the destination of the materials we were picking up.

10. We received a dump ticket from each facility where we deposited materials.  The dump tickets included the weight of our delivery and the time.  The dump tickets did not include any information about what the facilities were going to do with the materials we deposited.

11. Liberty never gave me any safety training.

12. The only time Liberty drug tested me was at the beginning of my employment.

13. As a helper, my primary responsibility was to throw garbage in the trucks.

14. As a helper, I did not perform pre-or post-route inspections.

15. As a helper, I did not direct other helpers.

16. As a driver, I did not train helpers to become drivers.

17. At Liberty, I never worked on a roll-off truck.  In my time at Liberty, drivers who worked on packer trucks did not work on roll-off trucks.  Helpers did not work on roll-off trucks.

18. Liberty used roll-off trucks primarily to transport materials that were not collected by packer trucks on our routes.

19. During my employment at Liberty, I never transported any materials to Jamaica

Recycling.

20. During my employment at Liberty, I never transported any materials to a scrap metal facility.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
July 19, 2016

_____
Ramdeo Persad

3