# Exhibit 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
 CARL ORLANDO, JR.,

                        Plaintiffs,                15-cv-9434(RJS)

              v.

 LIBERTY ASHES, INC., FRANCESCO BELLINO,
 MICHAEL BELLINO, JR., STEPHEN BELLINO,
 AND MICHAEL BELLINO,

                        Defendants.

------------------------------------------------------------------------X

## DEFENDANTS INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)

      Pursuant to Fed. R. Civ. P. 26(a)(1), Defendants provide initial disclosures limited to the motor carrier exemption issue pursuant to the Court's bifurcation of discovery. Defendants provide these initial disclosures on information reasonably available and without waiving relevance, materiality or admissibility of evidence objections. Defendants reserve the right to revise, correct, supplement, or clarify these disclosures.

      A.     Defendants believe that the following individuals may have discoverable and pertinent information regarding claims, defenses, and damages:

      1. Plaintiffs Carl Orlando, Jr., Leonard Menna, Jr., Luis Acevedo, Quamaine Powell, and Ramdeo Persad and any other opt-in or putative Plaintiffs.

      Plaintiffs may have knowledge regarding their employment by Liberty Ashes, Inc., hours worked, compensation, garbage collection routes, the terms and conditions of their employment and job duties, the locations where Liberty Ashes, Inc. conduct business, and Liberty Ashes, Inc.'s transportation and collection and distribution of garbage including but not limited to recyclables and nonhazardous waste, whether the garbage was transported out of state, whether their employment duties included driving out of state.

      2. Defendant Francesco Bellino c/o Defendants' Counsel.

      Francesco Bellino may have knowledge concerning his duties and responsibilities with respect to Liberty Ashes, Inc., helpers and drivers and employees' hours worked, job duties, garbage collection routes, and terms and conditions of employment, the location where Liberty Ashes, Inc. conducts business, and Liberty Ashes, Inc.'s transportation and collection of garbage, including but not limited to recycled and nonhazardous materials.

3. Defendant Michael Bellino, Jr. c/o Defendants' Counsel.

Michael Bellino, Jr. may have knowledge concerning the location where Liberty Ashes, Inc. conducts business, and Liberty Ashes, Inc.'s transportation and collection of garbage, including but not limited to recycled and nonhazardous materials.

4. Defendant Stephen Bellino c/o Defendants' Counsel.

Stephen Bellino may have knowledge concerning:

1. The types of freight that Liberty Ashes, Inc. has transported;
2. the individuals or entities to which Liberty Ashes, Inc. has transported freight of any kind;
3. the relationship and/or business transactions between Liberty Ashes, Inc. and such individuals or entities;
4. the locations to and from which Liberty Ashes, Inc. has transported freight,
5. Liberty Ashes, Inc.'s rights, responsibilities, and/or involvement with respect to freight it transported after delivery of such freight by Liberty Ashes, Inc. to any individual or entity;
6. what happened to the freight transported by Liberty Ashes, Inc. after delivery of such freight by Liberty Ashes, Inc. to any individual or entity, including but not limited to (1) processing of the freight ; (2) destruction and/or disposal of the freight; (3) location(s) to which the freight was brought , processed, and/or destroyed , including the ultimate destination of such freight; (4) the means by which the freight was moved to another location· and (5) the individuals and/or entities who controlled , handled , and/or moved the freight;
7. Payments made to or by Liberty Ashes, Inc. or on Liberty Ashes, Inc.'s behalf for freight it delivered and/or for the transportation of such freight;
8. Liberty Ashes, Inc.'s involvement in determining the ultimate destination or place of disposal of freight that Liberty Ashes, Inc. transported;
9. Liberty Ashes, Inc. representative's knowledge of the ultimate destination or place of disposal of freight that Liberty Ashes, Inc. transported, including when and how Liberty Ashes, Inc. obtained such knowledge;
10. Liberty Ashes, Inc.'s intent with respect to the ultimate destination of freight that it carried;
11. The licenses or permits Liberty Ashes, Inc. has obtained in operating its business, including, but not limited to, any and all temporary apportioned permits or apportioned license plates;
12. The tracking of freight that Liberty Ashes, Inc. transported, including tracking that occurred after Liberty Ashes, Inc. delivered the freight;
13. Plaintiffs' job duties, responsibilities, and work performed during their employment with Liberty Ashes, Inc.;
14. The location and course of Liberty Ashes, Inc.'s garbage collection routes, including but not limited to the starting and ending points of the routes and the course of the routes between those starting and ending points;
15. The method and manner in which garbage collection routes were assigned to

Liberty Ashes, Inc.'s employees.
      16.    The locations of all facilities that Liberty Ashes, Inc. owned or operated.
      17.    Explanation of documents produced by Liberty Ashes, Inc. in this action;
      18.    his duties and responsibilities with respect to Liberty Ashes, Inc., garbage collection routes, and terms and conditions of employment, the locations where Liberty Ashes, Inc. conducts business, and Liberty Ashes, Inc. 's transportation and collection of garbage.

    5. Defendant Michael Bellino c/o Defendants ' Counsel.

    Michael Bellino may have knowledge concerning his duties and responsibilities with respect to Liberty Ashes, Inc., helpers and drivers and employees' hours worked, job duties, garbage collection routes, and terms and conditions of employment, the location where Liberty Ashes, Inc. conduct business, and Liberty Ashes, Inc.'s transportation and collection of garbage, including but not limited to recycled and nonhazardous materials.

    6.  Drivers and helpers of Liberty Ashes, Inc. including but not limited to the following:

| |
|---|
| Dereck Deabrue |
| Wildeck Lincifort |
| Alfred Alanzo |
| Vito Postligione |
| Jermaine Pryor |
| Curtis Wynn |
| Curtis Ward |
| Derrick Mitchell |
| Robert Consolo Jr. |
| Tishawn Williams |
| Jesse Cabrera |
| Francisco Gonzalez |
| Jose Falcone |
| Lascelles Williams |

| |
|---|
| Clarence King |
| Brian Shaw |
| Sheldon Douglas |
| Gordon Mohammed |
| RALPH WASHINGTON |
| Barber, Jerry |
| Paco Santiago |
|  |
| Tyrone Phifer |
| Marvin Oestricher |
| Eric Adams |
| Quran Martin |
|  |

3

| |
|---|
| Jemel Savage |
| Shaun Williams |
| Jermain Tompson |

Drivers are listed in the top box. Helpers are listed in the bottom box.

      These individuals may have knowledge regarding their employment by Liberty Ashes, Inc., hours worked, compensation, garbage collection routes, the terms and conditions of their employment, the locations where Liberty Ashes, Inc. conduct business, and Liberty Ashes, Inc.'s transportation and collection of garbage and the safety and other duties performed by helpers and drivers. They may also have information on:

i.      The extent of the helpers' discretion in loading the trucks;
ii.     the means by which Defendants communicate the discretionary authority to the helpers;
iii.    whether the helpers adhere to a policy implemented by Liberty Ashes, Inc. in the performance of their duties;
iv.    information regarding the discretion the helpers exercise in directing their co-workers' activities in order to ensure the safe operation of the trucks;
v.     the helpers' discretion as to safety activities performed along the truck routes.

      7. All individuals identified in Plaintiffs' initial disclosures.

      B.     Documents in the custody and control of the parties bearing significantly on the claims and defenses may generally be described as follows:

      1.     All documents produced or offered for production by any party or subpoenaed nonparty in this litigation or entity listed in any document produced in this litigation by Liberty Ashes, Inc., including but not limited to dump tickets, correspondence and documents from entities listed in Liberty Ashes, Inc.'s document production, documents relating to Jamaica Recycling produced or offered for production, etc.

      C.     The damages claimed by Defendants as against Plaintiff are the reasonable attorneys' fees and costs of this action. These fees are currently indeterminate.

      D.     There is no insurance agreement that appears to be relevant to this dispute at this time.

      E.     Defendants have not yet made a determination as to expert witnesses and reserve the right to supplement this response.

Defendants reserve their right to object to admissibility or relevance of any document identified herein. Defendants reserve the right to supplement and/or amend these disclosures based on discovery and additional inquiries into the facts and legal issues involved in this action.

Dated: White Plains, New York
April 29, 2016

                                        TRIVELLA & FORTE, LLP

                                        ***/s/  Christopher Smith***
                                        By:  Christopher Smith
                                        *Attorneys for the Defendants*
                                        1311 Mamaroneck Avenue, Suite 170
                                        White Plains, New York 10605
                                        Telephone: (914) 949-9075
                                        111csmith111@gmail.com

To:    Finn W. Dusenbery, Esq.
        LAW OFFICE OF FINN W. DUSENBERY
        26 Broadway, 21st Floor
        New York, NY 10004

        D. Schulman, Esq.
        JOSEPH & KIRSCHENBAUM LLP
        32 Broadway, Ste 601
        New York, NY 10004