JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise A. Schulman
Josef Nussbaum
Laura Reznick

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.JK-LLP.com

April 19, 2017

**VIA ECF AND E-MAIL**

Hon. Richard J. Sullivan
U.S. District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: **Orlando v. Liberty Ashes, Inc., et al.**
     **No. 15-cv-9434 (RJS)**

Dear Judge Sullivan:

  Together with the Law Office of Finn W. Dusenbery, we represent the Plaintiffs in the above-referenced action. I write to briefly respond to an argument that Defendants improperly raised for the first time in their reply memorandum of law in support of their motion to compel arbitration.

  In their moving papers, Defendants argued that Plaintiffs should be compelled to arbitration based on the arbitration clause in the 2016 memorandum of agreement. (*See generally* Dkt. No. 114.) However, in their reply brief, Defendants argue for the first time that the arbitration clause in the 2012-2015 CBA, which covered at least part of the period of Plaintiffs' employment, itself compels arbitration of Plaintiffs' claims. (Dkt. No. 115 at 1, 3, 8.) This argument should be rejected because it was raised for the first time on reply. *E.g., DSND Subsea AS v. Oceanografia, S.A. de CV*, 569 F. Supp. 2d 339, 347 (S.D.N.Y. 2008) (Sullivan, J.) ("Generally, new arguments may not be made in a reply brief.") (internal quotation marks omitted).

  In any event, Defendants' argument regarding the arbitration clause in the 2012-2015 CBA is meritless. Contrary to Defendants' assertion, the arbitration clause in the 2012-2015 CBA is narrow. It is limited solely to "[a]ny dispute, difference, or a grievance . . . regarding the interpretation, application or claim of breach of the provisions of" the CBA. (Dkt. No. 113-1, p.8.) As the arbitration clause is limited to disputes arising out of the CBA and does not state that Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims (or any other statutory claims) are subject to arbitration, Defendants' argument that the arbitration clause in the 2012-2015 CBA applies to Plaintiffs' FLSA and NYLL claims is wrong and should be rejected. *Lawrence v. Sol G. Atlas Realty Co., Inc.*, 841 F.3d 81, 82, 84 (2d Cir. 2016) (in

1

refusing to compel arbitration of FLSA and NYLL claims, as well as statutory discrimination claims, noting that "[c]ollectively bargained agreements to arbitrate statutory . . . claims must be clear and umistakable[,]" which requires "specific references in the CBA either to the statutes in question or to statutory causes of action generally").

We thank the Court for its attention to this matter.

Respectfully submitted,

Denise A. Schulman

cc: All Counsel (via ECF)