UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



CARK ORLANDO, JR., *on behalf of himself and others similarly situated*,

                Plaintiff,

-v-

LIBERTY ASHES, INC., *et al.*,

                Defendants.

No. 15-cv-9434 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of Defendants' motion to compel Plaintiffs to arbitrate pursuant to a Memorandum of Agreement ("MOA") between Defendant Liberty Ashes, Inc. ("Liberty Ashes"), and Local 890, LIFE (the "Union") dated December 28, 2016 (the "MOA"). (*See* Doc. No. 98.) For the reasons set forth below, the motion is DENIED without prejudice to renewal.

    In their motion to compel, Defendants argue that the Union is the exclusive collective bargaining representative for Plaintiffs and that the terms of Plaintiffs' employment with Liberty Ashes were covered by the MOA and a series of collective bargaining agreements between Liberty Ashes and the Union. In their opposition, Plaintiffs cite out of circuit authority for the proposition that their membership with the Union "ended when their employment with Liberty ended" because they were no longer a member of the relevant bargaining unit. (Doc. No. 105 at 8.) While the law is clear that the terms of membership in a union may be regulated by the union itself, *see Int'l Bhd. of Boilermakers v. Local Lodge D129*, 910 F.2d 1056, 1060 (2d Cir. 1990) (citing *NLRB v. Martin A. Gleason, Inc.*, 534 F.2d 466, 476 (2d Cir. 1976)) (noting that while a

union member has a right to resign from union membership, "a union constitution and bylaws may impose reasonable restrictions on this right"), here the parties have not produced the constitution or bylaws that presumably define membership and set the terms governing withdrawal of membership from the Union. Moreover, while Defendants assert that all of the Named and Opt-In Plaintiffs are or were members of the Union during their employment (Doc. No. 99 at 2), Plaintiffs contend that Plaintiffs Carl Orlando, Jr., and Quamaine Powell were never members of the Union during their employment with Liberty Ashes (Doc No. 105 at 8 n.4). Having carefully reviewed the briefs and affidavits submitted by the parties in this matter, the Court concludes that it is unable to resolve the dispute over whether any of the Plaintiffs, including Orlando and Powell, were members of the Union when the MOA was executed, and thus whether they consented to the Union's representation of them at that time.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion to compel arbitration is DENIED without prejudice to renewal. IT IS FURTHER ORDERED that the parties shall conduct limited discovery on the issues of (1) whether Plaintiffs were members of the Union during their employment with Liberty Ashes and when the MOA was executed, and/or (2) whether they withdrew or revoked their membership from the Union before the MOA was executed. Relevant documents are expected to include the constitution and by-laws of the Union, documents related to Plaintiffs' membership in the Union, copies of dues authorization cards, documents related to the Union's authority to act on Plaintiffs' behalf, and documents related to Plaintiffs' revocation of their consent for the Union to represent them.

IT IS FURTHER ORDERED that all such discovery shall be completed by March 30, 2018. If Defendants wish to renew their motion to compel arbitration after this time, they shall submit a pre-motion letter to the Court by April 13, 2018.

The Clerk of Court is respectfully directed to terminate the motion pending at docket number 98.

SO ORDERED.

Dated:    January 31, 2018
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE