JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise A. Schulman
Josef Nussbaum
Lucas C. Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.JK-LLP.com

April 16, 2018

**VIA ECF AND E-MAIL**

Hon. Richard Sullivan
U.S. District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: **Orlando v. Liberty Ashes, Inc., et al.**
      No. 15-cv-9434

Dear Judge Sullivan:

  Together with Law Office of Finn W. Dusenbery, we represent the Plaintiffs in the above-referenced matter. I write in response to Defendants' April 11, 2018 letter requesting a pre-motion conference in anticipation of a motion to compel arbitration. For the reasons set forth below, Defendants' anticipated motion should be denied.

  **I. By the plain terms of the relevant collective bargaining agreements, the arbitration clause does not apply to any of the Plaintiffs**

  The plain terms of the relevant collective bargaining agreements clearly show that the arbitration agreement at issue does not apply to any of the Plaintiffs. All of the Plaintiffs' employment with Liberty Ashes, Inc. ("Liberty") ended in 2014 or 2015. Thus, they were all covered by the January 1, 2012 collective bargaining agreement between Liberty and Local 890, LIFE (the "Union"). (Dkt. No. 99-1, pp.2-17.) That CBA had an effective period of January 1, 2012 to December 31, 2015 and stated that it "appl[ied] to all present and future employees covered by this Agreement and employed by the Company during the term of this agreement." (*Id.* at pp.4, 14.)

  On December 22, 2015, after all Plaintiffs' employment with Liberty had ended, Liberty and the Union entered into a memorandum of agreement that created a *new* CBA with an effective period of January 1, 2016 to December 31, 2018. (*Id.* at p.18.) This new CBA kept most terms from the 2012-2015 CBA, including the provision that it "appl[ied] to all present and future employees covered by this Agreement and employed by the Company during the term of this agreement." (*Id.*) Because Plaintiffs were not then-present employees of Liberty, and none of them were employed during the term of the 2016-2018 CBA, that CBA – by its own terms – did not apply to them.

1

The memorandum of agreement containing the arbitration clause at issue here was signed on December 28, 2016. (*Id.* at pp.19-22.) The 2016 MOA modified the 2016-2018 CBA. (*Id.* at p.19.) The provision that the 2016-2018 CBA applied to "present and future employees covered by this Agreement and employed by the Company during the term of this agreement" was not affected by the 2016 MOA. As the 2016 MOA modified a CBA that, as set forth above, did not apply to any of the Plaintiffs, the 2016 MOA – including its arbitration provision – does not apply to any of the Plaintiffs.

## II.     The Union had no authority to negotiate on behalf of Plaintiffs Orlando and Acevedo because they were never members of the Union

While Defendants' anticipated motion should be denied with respect to all Plaintiffs, that motion is entirely frivolous with respect to Plaintiffs Orlando and Acevedo, who were never members of the Union. In *Raymond v. Mid-Bronx Haulage Corp.*, No. 15 CV 5803 (S.D.N.Y. Nov. 3, 2017) (Dkt. No. 146), Your Honor found that a collectively bargained arbitration agreement could bind a former employee because that employee was still a member of the union when the arbitration agreement was reached. In contrast, in this case the deposition testimony of the designated representative of the Union, the Union's own records, and the deposition testimony of Plaintiffs Orlando and Acevedo establish that Plaintiffs Orlando and Acevedo were *never* members of the Union.[1] As such, Defendants have not and cannot set forth any argument that the Union had the authority to negotiate on their behalf and bind them in December 2016, well after their employment at Liberty ended.

## III.     Plaintiffs Menna, Persad, and Powell ceased to be Union members when their employment with Liberty ended

The record shows that Plaintiffs Menna, Persad, and Powell's membership in the Union ended when their employment with Liberty ended. Plaintiffs served a deposition subpoena on the Union that required the Union to designate a representative to testify as to certain matters, including "Plaintiffs' membership, if any, in LIFE, and the terms and duration thereof" and "LIFE's policies, practices, and procedures with respect to membership and the termination of membership." The designated representative testified that the termination dates listed in the Union's records for Plaintiffs Menna, Persad, and Powell reflect the dates that their Union membership was terminated. Those termination dates are October 1, 2015 (Powell), June 1, 2015 (Menna), and June 1, 2014 (Ramdeo). Accordingly, none of these Plaintiffs were members of the Union when the 2016 MOA was executed, and they cannot be bound by the arbitration provision.

---

[1] Defendants produced a Union membership application card signed by Plaintiff Acevedo. However, that card was never given to the Union. As such, Plaintiff Acevedo never paid the initiation fee required to actually become a Union member and, as the Union's representative testified, he was never a Union member. Consistent with Plaintiffs Orlando and Acevedo's lack of Union membership, the Union's dues records show that neither of them ever paid dues to the Union.

2

### IV. The Arbitration Clause Is Unenforceable Because It Acts As A Prospective Waiver Of Plaintiffs' FLSA Rights

Finally, the arbitration clause in the MOA is unenforceable because, if enforced, it would act as a prospective waiver of Plaintiffs' statutory rights. Such rights may not be prospectively waived. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 265 (2009); *Ragone v. Atlantic Video*, 595 F.3d 115, 125 (2d Cir. 2010). The arbitration provision in the MOA amends Article 8 of the CBA by adding that FLSA and New York Labor Law claims are subject to the grievance and arbitration provisions of the CBA. (Dkt. No. 99-1, pp.19-20.) The CBA provides that grievances must be raised within 60 days. (*Id.* at p.8.) This is far shorter than the FLSA's two or three year statute of limitations. 29 U.S.C. § 255. Moreover, as all Plaintiffs' employment with Liberty ended more than two years ago, their claims would be fully extinguished by the time limits set in the CBA. Accordingly, Plaintiffs cannot effectively vindicate their rights in arbitration, and Defendants' motion should be denied. *See Gildea v. Bldg Mgmt.*, No. 10 Civ. 3347, 2011 U.S. Dist. LEXIS 93662, at *10-11 (S.D.N.Y. Aug. 16, 2011) ("Arbitration contracts prevent effective vindication of rights when, for example, . . . they shorten the statute of limitations provided for by statute[.]").

For the foregoing reasons, Defendants' motion should be denied. We thank the Court for its attention to this matter.

Respectfully submitted,

Denise A. Schulman

cc: All Counsel (via ECF)