THIS AGREEMENT BY AND BETWEEN LEAGUE OF INTERNATIONAL FEDERATED EMPLOYEES, HEREIN REFERRED TO AS THE "UNION" AND **LIBERTY ASHES INC.** HEREINAFTER REFERRED TO AS THE "EMPLOYER" OR "COMPANY".

## WITNESSETH

THE COMPANY HEREBY AND HEREIN recognizes the Union as the authorized Collective Bargaining Agent for all drivers, helpers, shuttle drivers, Class A mechanics and welders excluding all office clerical, guards and supervisory employees employed at its:

**95-33 150th STREET, JAMAICA, NY 11432**

location in respect to wages, hours and all other Terms and Conditions of employment during the entire term of this agreement.

This agreement shall apply to all present and future employees covered by this Agreement and employed by the Company during the term of this agreement.

1.  **UNION SECURITY**

It shall be a condition of employment that all employees of the Employer covered by this agreement, who are Members of the Union in good standing on the effective date of this agreement or execution date, whichever is later, shall remain Members in good standing and those who are not Members on the effective date of this agreement, or execution date, whichever is later, shall on the thirtieth (30th) day following the effective date of this Agreement, or execution date, whichever is later, become and remain Members in good standing in the Union. It shall also be a condition of employment that all employees covered by this agreement and hired on or after the date of the signing of this Agreement shall on the thirtieth (30th) day following the beginning of such employment become and remain members in good standing in the Union. Membership as used herein shall mean only the obligation to pay periodic dues and initiation fees uniformly required or in the event that the employee objects to the payment of full dues and initiation fees, only the obligation to pay periodic dues and initiation fees related to representational costs.

All new employees shall have a 120 day probationary period. This period can be extended when requested by management in writing and mutually agreed upon between union and management.

In the event of any change in the law during the term of this agreement, the Employer agrees that the Union will be entitled to receive the maximum Union Security that may be lawfully permissible.

The Employer agrees that any properly accredited Union official or representative shall have the right at all times to visit the plants operated by the Employer, for the purpose of interviewing employees and to see that the conditions of this contract are carried out.

### 7. SENIORITY

The principle of Classification Seniority shall prevail at all times. Whenever it becomes necessary for the Employer to reduce the number of employees in his employ, the employee last hired shall always be laid off first and when rehiring takes place, the employee last laid off shall be the first to be rehired.

Seniority for all employees shall be defined as the employee's length of continuous employment with the Employer.

**Dispute Procedure**
If a dispute arises concerning the interpretation or application of the foregoing provisions dealing with Seniority, then the, submitted subject matter of such dispute may be taken up by the aggrieved Party under the grievance and arbitration procedure as provided for herein.

### 8. GRIEVANCE AND ARBITRATION

Any dispute, difference, or a grievance within 60 days ( excluding any ERISA or National Labor Relation Board Laws) regarding the interpretation, application or claim of breach of the provisions of this Agreement shall be settled by conference with the duly authorized officials of the Union and representatives of the Company.

In the event that such dispute, difference or grievance shall not have been satisfactorily adjusted between the Employer and the Union, the grievance may be submitted to Arbitrator J.J. Pierson. if Mr. Pierson is unable to serve, Roger Maher is hereby designated as a back-up arbitrator, if Mr. Pierson or Mr. Maher are unable to serve, then the matter shall be submitted to the New York State Employment Relation Board for selection of Arbitrator in accordance with their usual practices, or that the parties may mutually agree on an alternative arbitrator. The decision of such designated Arbitrator shall be final and binding upon the Parties. The Parties further agree that there shall be no suspension of work when such dispute, and/or difference or grievance arises and while it is in the process of adjustment or Arbitration. The Parties agree that the expense of the Arbitrator shall be born equally between the two.

The Arbitrator shall decide cases in issue solely upon the provisions of this Agreement, and shall have no powers to add to, delete from, modify or alter the provisions of this Agreement.

Any employee except grievant who shall at the discretion of the Arbitrator be required to testify at or attend any hearings of Arbitration, Mediation or settlement of any questions of violations of this Agreement, shall not suffer any loss in wages by reason thereof.

Only the Union or the Employer shall have the right to request Arbitration.

Title to all monies paid into or due and owing to the Fund shall be vested and remain exclusively in the Trustees of the Fund, the parties hereto agreeing that such Trustees shall have the right in their sole discretion, to take any action necessary to collect any contribution or monies due and owing to the Fund, or to allow the Union to do so.

In the event an Employer fails or refuses to make contributions within the time provided for herein, then the Union and /or the Trustees of the Fund are authorized to take any and all legal action, including arbitration under the arbitration clause of this agreement, for the purpose of collection any delinquency from the Employer.

The remedy provided for herein shall be in addition to all other remedies available to the Union and the Trustees and may be exercised by the Union or the Trustees, anything in this Agreement to the contrary notwithstanding. An Employer who defaults in the payment of contributions to the Fund shall pay, upon demand, the unpaid contributions, interest on those contributions in the amount of one and one-half (1 ½) percent per month, reasonable attorney's fees, costs of the action and liquidated damages up to twenty (20%) percent of the amount due. In addition to which, the delinquent Employer shall be subject to any and all other legal or equitable relief that an arbitrator or court, as the case may be, deemed appropriate. The Employer shall file such reports and information together with such payments as may be necessary for the proper administration of said Fund. It is understood and agreed that the words "each day worked" shall be interpreted to mean all days on which straight time wages are paid pursuant to this Agreement, regardless of whether actual work is performed or not, including, but not limited to, holidays and vacations.

The Employer shall make available to the Fund any and all pertinent records of the employees covered by the Fund that may shall, from time to time, open its books and records containing wage and hour information to auditors to be designated by the Trustees of the Fund.

The Employer agrees to continue to make contributions to the Fund for not more than six (6) months on behalf of any employee of the Employer who is injured on the job while working for the Employer, unless the employee is working somewhere else.

## 26. EFFECTIVE DATE OF AGREEMENT

This AGREEMENT shall become effective 12:00am on the 1st day of Jan. 2012, and shall continue until the expiring date Midnight on the 31th day of December 2015. It shall thereafter automatically renew itself for and additional one year period, unless either Party gives the other Party at least sixty (60) days notice in writing, prior to the date fixed for expiration herein, that said Party does not desire the said Contract to automatically renew itself for an additional one year period.

## 27. AGREEMENTS WITH EMPLOYERS

The Employer agrees not to enter into any Agreements or Contracts with his employees, individually or collectively which in any way conflict with the terms and provisions of this Agreement. Any such Agreements shall be null and void.

## 28. JOB OPPORTUNITIES