UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CARL ORLANDO, JR., on behalf of himself
and others similarly situated,

                                  Plaintiff,        15-CV-09434 (RJS)

      -against-

LIBERTY ASHES INC., FRANCESCO BELLINO,
MICHAEL BELLINO, JR., STEPHEN BELLINO and
MICHAEL BELLINO,

                                  Defendants.
------------------------------------------------------------------------x

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL
<u>ARBITRATION AND STAY OR DISMISS THE COMPLAINT</u>**

                                            Respectfully submitted,

                                            TRIVELLA & FORTE, LLP
                                            1311 Mamaroneck Avenue, Suite 170
                                            White Plains, New York 10605
                                            By: Christopher Smith
                                            Telephone: (914) 949-9075
                                            Facsimile: (914) 949-4752
                                            *Defendants' Attorneys*

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

LEGAL ARGUMENT .................................................................................................................... 1

    A.   The Arbitrator Must First Determine the Scope of the Arbitration Provision in the 2016 Memorandum of Agreement, including its Retroactive Application .................................... 1

    B.   Plaintiffs Have Failed to Establish with Positive Assurance that the Arbitration Clause is Not Susceptible to an Interpretation that Covers the Causes of Action in the Complaint ... 5

    C.   The Mandatory Arbitration Provision Applies to All Claims by Any Employee Covered by a Union Collective Bargaining Agreement at Any Time, Which Includes All of Plaintiffs' Causes of Action ............................................................................................... 10

    D.   Plaintiffs' Retaliation Claim Should be Arbitrated ............................................................ 11

    E.   The Court Should Reject Plaintiffs' Argument the Arbitration Provision is Unenforceable as a Prospective Waiver of Statutory Rights ........................................................................ 11

CONCLUSION ............................................................................................................................. 12

# **TABLE OF AUTHORITIES**

**Cases**

*14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009) .......................................................................... 4

*Air Transp. Local 504 v. Meridian Mgmt. Corp.*, 12-CV-4954, 2013 WL 5507144, at *3
   (E.D.N.Y. Sept. 30, 2013) ......................................................................................................... 1

*Arrigo v. Blue Fish Commodities, Inc.*, 408 Fed. Appx. 480, 481–82 (2d Cir. 2011).............. 1, 11

*AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650, 106 S. Ct. 1415, 1419, 89
   L. Ed. 2d 648 (1986) ................................................................................................................. 6

*Benihana, Inc. v. Benihana of Tokyo*, LLC, 784 F.3d 887, 899 (2d Cir. 2015) ............................. 6

*Chu v. Chinese-Am. Planning Council Home Attendant Program, Inc.*, 194 F. Supp. 3d 221, 230
   (S.D.N.Y. 2016) ........................................................................................................................ 7

*Duraku v. Tishman Speyer Properties, Inc.*, 714 F. Supp. 2d 470, 474 (S.D.N.Y. 2010, Cote, J.)
   ................................................................................................................................................. 12

*Duran v. J. Hass Grp., L.L.C.*, 531 F. App'x 146, 147 (2d Cir. 2013) .......................................... 6

*Houchens Mkt. of Elizabethtown, Inc. v. N. L. R. B.*, 375 F.2d 208, 212 (6th Cir. 1967)....... 10, 11

*iPayment, Inc. v. 1st Americard, Inc.*, No. 15 CIV. 1904 (AT), 2016 WL 1544736, at *2
   (S.D.N.Y. Mar. 25, 2016), *award confirmed,* No. 15-CV-1904 (JMF), 2017 WL 727538
   (S.D.N.Y. Feb. 23, 2017) .......................................................................................................... 7

*J.I. Case Co. v. N.L.R.B.*, 321 U.S. 332, 335, 64 S. Ct. 576, 579, 88 L. Ed. 762 (1944) ............... 8

*Janus v. Am. Fed'n of State, Cty., & Mun. Employees, Council 31*, No. 16-1466, 2018 WL
   3129785, at *12 (U.S. June 27, 2018) ...................................................................................... 8

*Lismore v. Societe Generale Energy Corp.*, No. 11 CIV. 6705 AJN, 2012 WL 3577833, at *9
   (S.D.N.Y. Aug. 17, 2012) ....................................................................................................... 13

*Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 983 (2d Cir. 1997)
   ................................................................................................................................................... 4

*Mazza v Special Touch Home Care Services, Inc.*, 2016 LRRM (BNA) 362468 (E.D.N.Y. Oct.
   31, 2016, Ross, J.) ................................................................................................................... 12

*McAllister Bros., Inc. v. A &amp;S Transp. Co.*, 621 F.2d 519, 522 (2d Cir. 1980) .................... 12

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25, 103 S. Ct. 927, 941, 74
   L. Ed. 2d 765 (1983) ................................................................................................................. 6

*on Ramasamy v. Essar Global Ltd.,* 825 F.Supp.2d 466, 471 (S.D.N.Y.2011) (Rakoff, J.) ........ 13

*Pennsylvania Labor Relations Bd. v. E. Lancaster Cty. Ed. Ass'n*, 58 Pa. Cmwlth. 78, 83, 427
   A.2d 305, 308 (1981) .............................................................................................................. 11

*Prudential Lines, Inc. v. Exxon Corp.*, 704 F.2d 59, 63-64 (2d Cir. 1983) ................................. 12

*Salzano v. Lace Entm't Inc.*, No. 13-Civ-5600(LGS), 2014 WL 3583195, at *5 (S.D.N.Y. July
   18, 2014) ............................................................................................................................... 1, 4

*Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 98–99
   (2d Cir. 1999) ...................................................................................................................... 1, 11

*Steele v. Louisville & N.R. Co.*, 323 U.S. 192, 201, 65 S. Ct. 226, 231, 89 L. Ed. 173 (1944)...... 8

*Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S. Ct. 1347, 4 L.Ed.2d 1409
   (1960) ........................................................................................................................................ 6

*Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 476, 109
   S. Ct. 1248, 1254, 103 L. Ed. 2d 488 (1989) ............................................................................ 6

**Statutes**

29 U.S.C. § 157 ................................................................................................................................ 8

Case 1:15-cv-09434-RJS   Document 146   Filed 07/13/18   Page 4 of 17

# LEGAL ARGUMENT

### A. The Arbitrator Must First Determine the Scope of the Arbitration Provision in the 2016 Memorandum of Agreement, including its Retroactive Application

Under well-settled doctrine, it is the purview of the Arbitrator, and not the Court, to *first* determine if the arbitration provisions of the collective bargaining agreement ("CBA") are applicable to Plaintiffs' claims. This is consistent with federal policy favoring resolution by arbitration. "[A] presumption of arbitrability attaches, and in the absence of any express provision excluding a particular grievance from arbitration, only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Air Transp. Local 504 v. Meridian Mgmt. Corp.*, 12-CV-4954, 2013 WL 5507144, at *3 (E.D.N.Y. Sept. 30, 2013) (brackets added) (internal quotation omitted); *see also Salzano v. Lace Entm't Inc.*, No. 13-Civ-5600(LGS), 2014 WL 3583195, at *5 (S.D.N.Y. July 18, 2014). "No legislative proscription bars arbitrating NYLL and FLSA claims." *Id.* at *3. "In accordance with the Federal Arbitration Act ('FAA'), 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.' *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)." *Raymond v. Mid-Bronx Haulage Corp.*, No. 15-CV-5803 (RJS), 2017 WL 5558760, at *2 (S.D.N.Y. May 24, 2017).

The Second Circuit Court of Appeals holdings in *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 98–99 (2d Cir. 1999) and *Arrigo v. Blue Fish Commodities, Inc.*, 408 Fed. Appx. 480, 481–82 (2d Cir. 2011) (summary order) state that, in the absence of a provision placing a **temporal limitation** on arbitrability, an arbitration provision may cover claims that accrued prior to the execution of the agreement to arbitrate. These holdings do not carve out a temporal limitation only for those currently in employment or only for current members of a labor organization. Thus, once this Court determines the parties to a

CBA – *i.e.*, Liberty Ashes Inc. and the Union – agreed via the 12/26/16 Memorandum of Agreement ("2016 MOA") to submit wage claims to binding arbitration, the Court should compel arbitration in the first instance to allow the arbitrator to interpret the collective bargaining agreement and its scope with regard to present, future, and former employees. As a result, all Plaintiffs' arguments which are predicated on interpretations of the CBA and 2016 MOA, must first be determined by the Arbitrator, subject to judicial oversight.

As such, this Court should not entertain Plaintiffs' arguments regarding the interpretation or scope of the collective bargaining agreements where, as here, the parties to the collective bargaining agreement have specifically delegated to the arbitrator the interpretation of the collective bargaining agreement.  Liberty Ashes Inc. and the Union, as the exclusive bargaining representative for all employees, including Plaintiffs when they worked at Liberty Ashes Inc., have agreed that it is the arbitrator, and not the Courts, who interprets the collective bargaining agreement and its application to employment grievances in the first instance.  The Court should not interfere and reinterpret that agreement.

Plaintiffs' argument that Plaintiffs were not Liberty Ashes Inc. employees or Union members at the time of the execution of the 2016 does not change the fact Plaintiffs are required to arbitrate their causes of action in the Complaint.[1]  This ignores the fact that, at the time of Plaintiffs' employment with Liberty Ashes Inc., some Plaintiffs were LIFE members and all Plaintiffs were part of the League of International Federated Employees (hereinafter "LIFE" or "Union") bargaining unit and covered by a mandatory arbitration clause, which an arbitrator may determine covers some or all their claims in this action.[2]  At the time Plaintiffs were employed,

---

[1] *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Compel Arbitration dated 6/25/18, p. 4, 7-12, Doc. No.  135 (hereinafter "Pls' Memo., p. ").
[2] Plaintiffs Menna, Powell and Persad admit they were members of LIFE. Pls' Memo., p. 4. Plaintiff Acevedo's denial he was a member of LIFE is belied by the LIFE authorization card he

2

they were members of the Liberty Ashes Inc. bargaining unit and subject to the broad arbitration clause in the 1/1/12 collective bargaining agreement ("2012 CBA") which covers wage claims such as those asserted in this action. The 2016 MOA specifically referenced the Fair Labor Standards Act and New York Labor Law claims and covers claims by employees "at any time" and therefore covers Plaintiffs. Thus, the Arbitrator may properly conclude the 2016 MOA applies to former Liberty employees and covers the claims in this action.[3]

Plaintiffs' attempts to argue the Court, and not the Arbitrator, should make the initial determination of arbitrability also misses the mark. The Court should reject Plaintiffs' arguments that a "new CBA"[4] was created in December 2015 and "the unambiguous terms of the 2016- 2018 CBA establish that it applies only to individuals employed by Liberty between 2016 and 2018"[5] because: (1) They are legal conclusions couched as factual allegations the Court need not credit, and (2) It is for the arbitrator to determine any questions regarding the continued existence or viability or scope of the collective bargaining agreements. Additionally, Plaintiffs' argument that the collective bargaining agreement in effect at the time of Plaintiffs' employment expired is inapposite.[6] This Court in *Salzano* stated:

> Plaintiff argues that the arbitration clause does not apply to him because the Contract has expired. This argument is unavailing because the agreement does not provide that claims brought after the expiration of the agreement cannot be arbitrated. Parties to an expired contract are still subject to its arbitration clause unless the parties clearly intended to limit the provision to disputes or claims that arise during the duration of the contract. *Nolde Bros., Inc. v.*

---

signed (Smith Declaration, Ex. I), his 3/29/17 Declaration (Doc. No. 106), where he fails to deny he was a LIFE member when he worked at Liberty Ashes, Inc., and his deposition testimony, where he states "What I understand -- I was in the Union" (Acevedo 3/29/18 Deposition, 12:24).
[3] *cf*. Pls' Memo, p. 10 (arguing the MOA provision should not apply to person not in the employ of Liberty Ashes at the time of the MOA was executed).
[4] Pls' Memo., p. 5.
[5] Pls' Memo., p. 7.
[6] Pls' Memo., p. 8, fn. 4.

3

> *Local No. 358, Bakery & Confectionery Workers Union,* 430 U.S. 243, 253–255, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977) ( "[I]n the absence of some contrary indication, there are strong reasons to conclude that the parties did not intend their arbitration duties to terminate automatically with the contract.

*Salzano*, 2014 WL 3583195, at *4. Here, there is no provision in the arbitration clauses in the collective bargaining agreements limiting those clauses to disputes arising during the duration of the collective bargaining agreement. *Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 983 (2d Cir. 1997), cited by Plaintiffs in their argument that Plaintiffs, as former employees, are not required to arbitrate, is distinguishable. In *Maryland Cas. Co.* the arbitration clause contained an express exclusion of the individuals the labor union sought to compel to arbitrate. In the instant action, however, there is a broad arbitration clause that does not contain an express exclusion to arbitrate the dispute and there is not "forceful evidence of a purpose to exclude the claim from arbitration". *Id*. ("even when the agreement contains a broad arbitration clause, a dispute is not arbitrable if (1) an express provision in the collective bargaining agreement excludes the particular grievance from arbitration, or (2) 'forceful evidence of a purpose to exclude the claim from arbitration' is presented'" (internal citations omitted).

Thus, where, as here, there is evidence Liberty Ashes Inc.'s employees, including Plaintiffs, waived their right to a judicial forum, and where there is evidence the alternative dispute forum provides an avenue for the vindication of Plaintiffs' rights, this Court should stay or dismiss the action pending the arbitrator determining in the first instance the interpretation of the collective bargaining agreement in effect at the time Plaintiffs were employed by Liberty Ashes Inc. and the scope of that agreement's arbitration provision and whether it covers Plaintiffs' causes of action. *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009). Staying this

action fosters the public policy of establishing a prompt, efficient arbitration forum for the resolution of labor disputes and the avoidance of labor unrest, especially where, as here, a collective bargaining agreement expressly provides for arbitral resolution of the Fair Labor Standards Act and New York Labor Law claims, and where Plaintiffs during their employment were covered by an arbitration clause covering wage claims, requires Plaintiffs to exhaust their arbitral remedies prior to proceeding in this Federal Court of limited jurisdiction.

> **B. Plaintiffs Have Failed to Establish with Positive Assurance that the Arbitration Clause is Not Susceptible to an Interpretation that Covers the Causes of Action in the Complaint**

Plaintiffs have not established with positive assurance that the arbitration clause in effect at the time of their employment and impacted by the 2016 MOA does not cover the causes of action in the Complaint to overcome the presumption of arbitrability. Since review of the 2016 MOA and collective bargaining agreements does not permit this Court to determine, with positive assurance, the arbitration clause does not apply to former employees, particularly since the 2016 MOA requires arbitration of claims "accruing at any time", it is for the arbitrator and not this Court to determine whether the arbitration clause applies to former employees and the scope of coverage. Thus, even if the gateway issues of arbitrability are to be decided by this Court, nothing contained in the Plaintiff's Opposition warrants denying Defendants' Motion to Compel Arbitration.

Contrary to Plaintiffs' argument, the standard of review for a motion to compel arbitration is not the summary judgment standard such that if there are disputed issues of material fact the Court should not compel arbitration.[7] The United States Supreme Court has repeatedly held, "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with ***positive assurance*** that the arbitration clause is not susceptible of any

---

[7] Pls' Memo., p. 6.

5

interpretation that covers the asserted dispute." *See AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650, 106 S. Ct. 1415, 1419, 89 L. Ed. 2d 648 (1986) (emphasis added) (*quoting Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S. Ct. 1347, 4 L.Ed.2d 1409 (1960)). In opposing a motion to compel arbitration, Plaintiffs cannot avoid their burden to establish with positive assurance that their FLSA and NYLL claims are not covered by the collective bargaining agreements and their arbitration clauses to shift the burden of proof to the Defendants.

It is black letter law that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, **whether the problem at hand is the construction of the contract language itself** or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983) (emphasis added); *see also Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 476, 109 S. Ct. 1248, 1254, 103 L. Ed. 2d 488 (1989). Any issue regarding collective bargaining agreement construction, including the arbitration clauses, must be decided by the arbitrator and not this Court. Plaintiffs are improperly requesting this Court to interpret the collective bargaining agreement, which is within the sole province of the arbitrator. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25; *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 899 (2d Cir. 2015) ("Once arbitrators have jurisdiction over a matter, any subsequent construction of the contract and of the parties' rights and obligations under it is for the arbitrators to decide.") (internal quotations and citations omitted); *Duran v. J. Hass Grp., L.L.C.*, 531 F. App'x 146, 147 (2d Cir. 2013) ("While a gateway dispute about whether the parties are bound by a given arbitration clause raises a question of arbitrability for a court to decide, an arbitrator presumptively resolves issues of contract interpretation and arbitration

procedures[.]").

The Court should not be persuaded by Plaintiffs' attempt to avoid the Supreme Court and Second Circuit precedent *supra* by citing to the non-binding decision *Chu v. Chinese-Am. Planning Council Home Attendant Program, Inc.*, 194 F. Supp. 3d 221, 230 (S.D.N.Y. 2016).[8] The District Court in *Chu* did not decide the issue of whether Plaintiffs would be compelled to arbitrate their FLSA and NYLL disputes, holding "Because the Court grants plaintiffs' motion to remand on the basis that it lacks subject matter jurisdiction over this action, the Court lacks authority to consider CPC's motion to compel arbitration." *Id*.

In *Chu* the District Court's reliance on *iPayment, Inc. v. 1st Americard, Inc.*, No. 15 CIV. 1904 (AT), 2016 WL 1544736, at *2 (S.D.N.Y. Mar. 25, 2016), *award confirmed,* No. 15-CV-1904 (JMF), 2017 WL 727538 (S.D.N.Y. Feb. 23, 2017), respectfully, is misplaced and does not apply to the instant action. The *iPayment, Inc.* facts do not involve collective bargaining. The *iPayment, Inc.* Court did not address the situation in the instant action where a collective bargaining agreement arbitration clause is negotiated in the labor context by a parties' exclusive bargaining representative. In *iPayment* the plaintiffs argued they were never covered by an agreement to arbitrate.  In the instant action, Plaintiffs were covered during their employment by an arbitration clause. Additionally, the arbitration clause in *Chu* was not as broad as the instant arbitration clauses.

Plaintiffs' incorrectly argue the "2016 memorandum of agreement between Liberty Ashes, Inc. ("Liberty") and Local 890, LIFE (the "Union") that by its express and unambiguous terms applies, at most, to individuals employed by Liberty between 2016 and 2018".[9] The arbitration clause in the 2016 MOA refers to claims of "Employees … accruing at any time". It

---

[8] Pls' Memo., p. 10.
[9] Pls' Memo., p. 8.

cannot be said with positive assurance the arbitration clauses in the collective bargaining agreements are not susceptible to an interpretation that its effect applies to former employees including Plaintiffs. Therefore, the Court should compel this issue to the arbitrator for resolution.

Plaintiffs' argument "the 2016 MOA could not apply to Plaintiffs because they were not members of the Union" lacks merit.[10] There is no dispute some Plaintiffs were members of LIFE. Irrespective of whether Plaintiffs joined the Union, Plaintiffs during their employment were part of the bargaining unit and bound by any agreement the Union enters on behalf of the bargaining unit. *J.I. Case Co. v. N.L.R.B.*, 321 U.S. 332, 335, 64 S. Ct. 576, 579, 88 L. Ed. 762 (1944). There is no requirement that an employee must be a member of a union for the union to have the authority, and the duty, to bargain on the employee's behalf and provide fair representation to the employee if the union is the exclusive bargaining representative of the bargaining unit to which the employee belongs or belonged. Unions are statutorily required to represent all members of the bargaining unit irrespective of whether they are union members. *Janus v. Am. Fed'n of State, Cty., & Mun. Employees, Council 31*, No. 16-1466, 2018 WL 3129785, at *12 (U.S. June 27, 2018). Indeed, a union has a duty to negotiate for nonmembers in a nondiscriminatory manner. *Steele v. Louisville & N.R. Co.*, 323 U.S. 192, 201, 65 S. Ct. 226, 231, 89 L. Ed. 173 (1944). Plaintiffs' citation to 29 U.S.C. § 157 as a bar to LIFE negotiating for the bargaining unit misses the mark[11] as Section 157 allows an employee to exercise his or her Section 7 rights to not join a union, but the employee's failure to join the union does not prevent the union from bargaining for the bargaining unit which that employee belongs to. Plaintiffs conflate the employees 29 U.S.C. § 157 right to not join the union representing the bargaining unit with the union's authority to bargain on behalf of the unit which includes the nonmember.

---

[10] Pls' Memo., p. 8, fn. 4 (emphasis in original).
[11] Pls' Memo., p. 13.

The Court should reject Plaintiffs' red herring argument that Plaintiffs terminated their union membership and therefore the union could not bargain on their behalf.[12] The issue is not whether Plaintiffs terminated their LIFE membership but whether Plaintiffs terminated LIFE's authority to collectively bargain on their behalf. The LIFE authorization cards[13] have an express method for an employee to terminate LIFE's authority to bargain on the employee's behalf:

> I, the undersigned, hereby apply for membership in the above Union and I authorize it to represent me for the purpose of collective bargaining … this authorization may be revoked by me as of any anniversary date hereof, by written notice of such revocation signed by me and given to my Employer and the Union by certified mail, not less than thirty (30) days nor more than sixty (60) days before any such anniversary date, or on the termination date of the Collective Bargaining Agreement covering my employment, by like notice prior to such termination date, whichever occurs sooner.

Since there is no evidence any Plaintiff followed this procedure, LIFE continued to have authority to bargain until Plaintiffs' counsel revoked that authority via letter to LIFE after the 2016 MOA was executed and ratified. Since Plaintiffs never revoked LIFE's authority to bargain on their behalf, there is no "conflict of interest" in LIFE bargaining for Plaintiffs.[14] Indeed, LIFE had a duty to bargain for Plaintiffs. The fact that employees in the bargaining unit may or may not have differing interests from Plaintiffs does not result in a "conflict of interest" in LIFE representing Plaintiffs and the current bargaining unit. It is typical for employees in a unit to have differing interests, for example less senior versus more senior employees, and those differing interests do not prevent a labor organization from collectively representing the entire unit. Plaintiffs' "conflict of interest" argument fails to establish Plaintiffs are not bound to arbitrate their causes of action.

Thus, Plaintiffs fail to establish with positive assurances the arbitration provisions do not

---

[12] Pls' Memo., pp. 17-18.
[13] Smith Declaration Exhibit I, Doc. No. 129-9.
[14] Pls' Memo., pp. 18-19.

apply to claims *sub judice*.  As such the claims should be compelled to arbitration in the first instance.

### C. The Mandatory Arbitration Provision Applies to All Claims by Any Employee Covered by a Union Collective Bargaining Agreement at Any Time, Which Includes All of Plaintiffs' Causes of Action

As set forth in Defendants' moving papers, the Second Circuit has held that unless an arbitration provision contains a temporal limitation it is for an arbitrator to decide whether the arbitration provision applies prior to its date of execution. *Smith Cogeneration Int'l, Inc.*, 198 F.3d at 99. The collective bargaining agreements at issue contain no temporal limitation. The Second Circuit has held arbitration clauses without temporal limitations are broad enough to encompass claims that accrued prior to the execution of an arbitration agreement. *See Arrigo*, 408 F. App'x at 481 (concluding that use of the words "all federal and state statutory claims" was broad enough to include claims that accrued prior to the execution of an employment agreement).

Plaintiffs argue the Court cannot currently address whether putative Plaintiffs or opt-in Plaintiffs are required to submit their wage claims to arbitration.[15]  In an abundance of caution, and to avoid waiving any argument based on untimeliness, Defendants argue any Fair Labor Standards claim of a putative Plaintiff must be arbitrated as the 2016 MOA applies to claims accruing "at any time". If the Court denies Defendants' motion as to putative class members or opt-ins or plaintiffs that have not yet entered the lawsuit, any denial should indicate it is without prejudice to Defendants renewing the motion in the event additional Plaintiffs join the lawsuit and/or execute consents to sue.

---

[15] Pls' Memo., p. 21.

### D. Plaintiffs' Retaliation Claim Should be Arbitrated

The Court should reject Plaintiffs' argument "retaliation claims are outside the scope of the arbitration clause."[16] Plaintiff Orlando's retaliation claim (Complaint, 67-80) alleges he was retaliated against for "his complaint about unpaid overtime". His claim therefore concerns his wages and is covered by all the arbitration clauses in the relevant collective bargaining agreements. The 2016 MOA covers "claims arising under the Fair Labor Standards Act". Where, as here, the arbitration clause is susceptible to an interpretation including claims of retaliation, Courts have compelled arbitration of retaliation claims. *See e.g. Duraku v. Tishman Speyer Properties, Inc.*, 714 F. Supp. 2d 470, 474 (S.D.N.Y. 2010, Cote, J.) (retaliation claim must be arbitrated).

### E. The Court Should Reject Plaintiffs' Argument the Arbitration Provision is Unenforceable as a Prospective Waiver of Statutory Rights

Plaintiffs argue "the arbitration provision at issue is unenforceable because it shortens the Fair Labor Standards Act's statute of limitations and, therefore, operates as a prospective waiver of statutory rights."[17] Where, as here, there is a broad arbitration clause the Court should order the parties to arbitrate temporal issues such as the appropriate statute of limitations. *Mazza v Special Touch Home Care Services, Inc.*, 2016 LRRM (BNA) 362468 (E.D.N.Y. Oct. 31, 2016, Ross, J.) ("The parties may argue the proper construction of the temporal limitation clause before the arbitrator); *Prudential Lines, Inc. v. Exxon Corp.*, 704 F.2d 59, 63-64 (2d Cir. 1983) (*quoting McAllister Bros., Inc. v. A & S Transp. Co.*, 621 F.2d 519, 522 (2d Cir. 1980)) ("If the arbitration clause is broad ... arbitration should be compelled and the arbitrator should decide any claim that

---

[16] Pls' Memo., p. 23.
[17] Pls' Memo., p. 1, 20-21.

11

the arbitration agreement, because of ... temporal limitations, does not cover the underlying dispute.")").

## CONCLUSION

Defendants respectfully request the Court dismiss the causes of action brought by the named Plaintiffs[18] and putative class members who were covered by any collective bargaining agreement at any time and compel arbitration of the named Plaintiffs' and putative class Plaintiffs' claims, together with awarding Defendants the costs and fees of this motion and action such other relief the Court deems proper.

White Plains, New York
July 11, 2018

                Respectfully submitted,

                TRIVELLA & FORTE, LLP

                /s/ **Christopher A. Smith**
                *Defendants' Attorneys*
                1311 Mamaroneck Avenue, Suite 170
                White Plains, New York 10605
                (914) 949-9075
                Facsimile (914) 949-4752
                111csmith111@gmail.com

---

[18] *See Lismore v. Societe Generale Energy Corp.*, No. 11 CIV. 6705 AJN, 2012 WL 3577833, at *9 (S.D.N.Y. Aug. 17, 2012) ("Where a plaintiff's claims are arbitrable, the ordinary remedy contemplated by the FAA is a stay. *See* 9 U.S.C. 3. However, when all of the issues raised in a complaint are subject to arbitration, dismissal is appropriate"), *relying on Ramasamy v. Essar Global Ltd.,* 825 F.Supp.2d 466, 471 (S.D.N.Y.2011) (Rakoff, J.)

To:    Denise A. Schulman, Esq.
Joseph & Kirschenbaum LLP
32 Broadway, Suite 601
New York, New York 10004
(212) 688-5640
denise@jhllp.com

Daniel M. Kirschenbaum, Esq.
Joseph, Herzfeld, Hester & Kirschenbaum LLP
233 Broadway, 5th Floor
New York, New York 10017
(212) 688-5640 x-2548
maimon@jhllp.com

Finn W. Dusenbery, Esq.
Law Office of Finn W. Dusenbery
26 Broadway, 21st Floor
New York, New York 10004
(212) 583-0030
finn@dusenberylaw.com
*Plaintiffs' Attorneys*