UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CARL ORLANDO, Jr.,
on behalf of himself and other similarly            Case No. 15 CV 9434 (RJS)
situated individuals,

           Plaintiffs,

   v.

LIBERTY ASHES, INC., FRANCESCO
BELLINO, MICHAEL BELLINO, JR.,
STEPHEN BELLINO, and MICHAEL
BELLINO,

           Defendants.
-----------------------------------------------------------x

### PLAINTIFFS' SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
212-688-5640

Finn W. Dusenbery
LAW OFFICE OF FINN W. DUSENBERY
57 West 57th Street, 4th Floor
New York, NY 10019
212-583-0030

*Attorneys for Named Plaintiff, Opt-In Plaintiffs, and proposed Class*

Plaintiffs submit this memorandum of law in further opposition to Defendants' motion to compel arbitration.

I.     ARGUMENT

The fundamental question on this motion is whether the arbitration clause in the 2016 MOA applies to Plaintiffs.  For the first time on reply, Defendants argue that this question must be answered by the arbitrator.  (Defs.' Reply Mem. at 1.)  This is incorrect.  The Court must make this determination:

> The duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the collective bargaining agreement does in fact create such a duty.  Thus, just as a[ party] has no obligation to arbitrate issues which it has not agreed to arbitrate, so *a fortiori*, it cannot be compelled to arbitrate if an arbitration clause does not bind it at all.

*John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 547 (1964).

In their reply, Defendants focus on authority that stands for the irrelevant point that where there is a broad arbitration agreement between two parties, the scope of arbitrable disputes between those parties can be decided by the arbitrator.  That is not the issue before the Court now.  This case presents the precursor question of whether there is an arbitration agreement that applies to Plaintiffs at all.  That is a question for the Court to decide.

Here, Plaintiffs' primary arguments against arbitration are that (1) by the plain and unambiguous terms of the relevant agreements, the 2016 MOA does not apply to them; and (2) the Union had no authority to bargain on their behalf when the 2016 MOA was agreed to.  (*See* Pls.' Opp. Mem.)  Both of these arguments concern whether the 2016 MOA applies to Plaintiffs.  Because a party cannot be compelled to arbitrate absent an applicable agreement to do so, the *Court* – not an arbitrator – must decide whether a party is bound by an arbitration agreement.  To be sure, in *Md. Cas. Co. v. Realty Advisory Bd. on Labor Rels.*, 107 F.3d 979 (2d Cir. 1997), the

Second Circuit held that a dispute was not arbitrable under a collective bargaining agreement because the employees at issue were not covered by that agreement. The court rejected the union's argument that arbitrability should be decided by an arbitrator, finding that "the presumption in favor of arbitrability extended to broadly written arbitration clauses does not apply to the present dispute unless" the employees at issue were covered by the collective bargaining agreement in the first place.[1]  *Id*. at 983.

Because a person cannot be compelled to arbitrate absent an agreement to do so, courts regularly decide the threshold question of whether an individual or entity is covered by an arbitration clause in a collective bargaining agreement. *E.g.*, *United Steelworkers of Am. v. Gen. Fireproofing Co.*, 464 F.2d 726, 729 (6th Cir. 1972) (finding that the individual at issue was not covered by the collective bargaining agreement and, "therefore, that General Fireproofing had never agreed to arbitration of this kind of a dispute"); *Gen. Tel. Co. v. Commc'ns Workers of*

---

[1] Defendants attempt to distinguish *Md. Cas. Co.* by asserting that in that case "the arbitration clause contained an express exclusion of the individuals the labor union sought to compel to arbitrate." (Defs.' Reply Mem. at 4.)  However, this case is on all fours with *Md. Cas. Co.*  In *Md. Cas. Co.*, the collective bargaining agreement contained a provision that expressly limited the coverage of the agreement to exclude the position at issue. *Md. Cas. Co.*, 107 F.3d at 983. Here, the relevant agreements contain an express temporal limitation that excludes Plaintiffs. In both cases, the limitation is not part of the arbitration clause but rather applies to the agreement as a whole. *Id.*  On the other hand, the agreements in *Matala-de Mazza v. Special Touch Home Care Servs.*, No. 16 CV 1185, 2016 U.S. Dist. LEXIS 150559, 2016 WL 6459623 (E.D.N.Y. Oct. 31, 2016), are materially different from those in this case.  In *Matala-de Mazza*, the arbitration agreement was entered into in 2016, and it applied to "the period covered by the CBA." *Id.* at *5.  "CBA" was defined in the agreement as the November 1, 2005 collective bargaining agreement and successive memoranda of agreement. *Id.* at *6.  Accordingly, the court found that that arbitration agreement could apply to claims arising before 2016. *Id.* at *6-7. Moreover, at least a portion of the plaintiffs' claims in *Matala-de Mazza* were indisputably subject to the arbitration agreement, as they arose after the memorandum of agreement was entered into. *Id.* at *5-6  However, in this case, the 2016 MOA expressly amended the collective bargaining agreement in effect from 2016-2018 CBA.  The 2016-2018 CBA expressly applies to "all present and future employees covered by this Agreement and employed by the Company during the term of this agreement." (Schulman Ex. 6 at 3; Smith Ex. B.)  As Plaintiffs did not work during the term of the 2016-2018 CBA, neither it nor the 2016 MOA applies to them.

*Am.*, 402 F.2d 255 (9th Cir. 1968) (reversing order compelling arbitration because employee was not covered by the collective bargaining agreement); *Mason Tenders Dist. Council of Greater N.Y. v. CAC of N.Y., Inc.*, 46 F. Supp. 3d 432 (S.D.N.Y. 2014) (dismissing action to compel arbitration of putative joint employer and non-signatory to collective bargaining agreement and noting that "[t]he question of whether a joint employer relationship exists, creating a duty for a non-signatory to arbitrate pursuant to the terms of a CBA, falls within the purview of the district court"); *Int'l Union of Operating Eng'rs Local 148, AFL-CIO v. Gateway Hotel Holding, Inc.*, 956 F. Supp. 2d 1071, 1080 (E.D. Mo. 2013) ("[T]he Court finds that the plain terms of the CBA establish that Millennium did not agree to arbitrate disputes involving supervisors, and no plausible reading of the CBA could lead an arbitrator to a contrary conclusion. Therefore, the Court determines that the dispute is not arbitrable, nor is the question of whether the dispute is subject to arbitration."). Such a judicial determination is necessary in order to avoid compelling to arbitration a person who never consented to arbitration. *See John Wiley & Sons, Inc.*, 376 U.S. at 547.

## II. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiffs' opposition papers, Defendants' motion should be denied.

Dated: New York, New York
July 17, 2018

/s/ Denise A. Schulman
D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
212-688-5640

Finn W. Dusenbery
LAW OFFICE OF FINN W. DUSENBERY
57 West 57th Street, 4th Floor
New York, NY 10019
212-583-0030

*Attorneys for Named Plaintiff, Opt-In Plaintiffs, and proposed Class*