# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CARL ORLANDO, Jr.,
on behalf of himself and other similarly
situated individuals,

                      Index No. 15 CV 9434 (RJS)

           Plaintiffs,

    v.

LIBERTY ASHES, INC., FRANCESCO
BELLINO, MICHAEL BELLINO, JR.,
STEPHEN BELLINO, and MICHAEL
BELLINO,

           Defendants.

------------------------------------------------------------x

## SETTLEMENT AGREEMENT AND RELEASE

**WHEREAS,** Carl Orlando, Jr. (the "Named Plaintiff") commenced an action against Liberty Ashes, Inc., Francesco Bellino, Michael Bellino, Jr., Stephen Bellino, and Michael Bellino (collectively, "Defendants") on or about December 1, 2015, in the United States District Court for the Southern District of New York (the "Court"), presently bearing Case Number 15 CV 9434 (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations;

**WHEREAS,** Leonard Menna, Luis Acevedo, Quamaine Powell, and Ramdeo Persad (the "Opt-In Plaintiffs," together with the Named Plaintiff, "Plaintiffs") subsequently filed consent to sue forms joining the Action as party plaintiffs;

**WHEREAS,** Defendants filed their answer to the complaint on or about January 29, 2016, denying Plaintiffs' allegations, and have contended that Plaintiffs' allegations are unfounded and lack merit;

**WHEREAS,** to the extent there are alleged monies owed to Plaintiffs under the FLSA and/or NYLL, the Parties acknowledge there is a genuine good-faith dispute over, among other things, the merits of the allegations and the alleged number of hours worked and Plaintiffs' counsel of record in the Action and Defendants' counsel of record in the Action have negotiated, with the assistance of a third-party mediator, in good faith to reach a settlement acceptable to Plaintiffs and Defendants which constitutes a reasonable compromise of all of the Plaintiffs' claims, Defendants' defenses, and the *bona fide* dispute between the parties to the Action;

Page 1 of 13.

**WHEREAS,** Plaintiffs and Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") desire to settle all the claims asserted in the Action or which could have been asserted in the Action on the terms and conditions set forth in this Settlement Agreement and Release ("Agreement") and have considered that the interests of all concerned are best served by compromise, settlement, and the dismissal of the Action with prejudice, and have concluded that the terms of this Agreement are fair, reasonable, adequate, and in their mutual best interests;

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, as well as the good and valuable consideration provided for herein the receipt and sufficiency of which is hereby acknowledged, and incorporating by reference the above "Whereas" clauses in this Agreement, the Parties agree to a full and complete settlement of the Action on the following terms and conditions:

## 1.     Settlement Approval and Dismissal of the FLSA Claims and Lawsuit

For and in consideration of the promises outlined in Paragraph 2 and elsewhere in this Agreement, Plaintiffs agree to dismiss, or cause to be dismissed, all causes of action in the Complaint in this action, including but not limited to the FLSA and New York State Law claims in the Lawsuit with prejudice and without costs or attorneys' fees to either side as against the other except as set forth in this Agreement, by submitting this Agreement and the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit A to the Court for approval. Plaintiffs will provide Defendants' counsel with a draft of their settlement approval letter at least seven (7) days before filing it with the Court.      Plaintiffs will consider and discuss Defendants' counsel's reasonable comments on the settlement approval letter.

## 2.     Payment

Defendants shall pay a total gross sum of FOUR HUNDRED TWENTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($425,000.00) (the "Settlement Sum"), less tax withholdings as set forth below, as follows:

(a) $66,636.70 payable to Carl Orlando, Jr., of which $33,318.35 shall represent back wages subject to lawful payroll deductions and tax withholdings and be reported on an IRS Form W-2 and of which $33,318.35 shall represent liquidated damages, damages for emotional distress, and interest and be reported on an IRS Form 1099.

(b) $79,450.48 payable to Leonard Menna, of which $39,725.24 shall represent back wages subject to lawful payroll deductions and tax withholdings and be reported on an IRS Form W-2 and of which $39,725.24 shall represent liquidated damages and interest and be reported on an IRS Form 1099.

(c) $27,214.22 payable to Luis Acevedo, of which $13,607.11 shall represent back wages subject to lawful payroll deductions and tax withholdings and be reported on an IRS Form W-2 and of which $13,607.11 shall represent liquidated damages and interest and be reported on an IRS Form 1099.

(d) $35,117.20 payable to Quamaine Powell, of which $17,558.60 shall represent back wages subject to lawful payroll deductions and tax withholdings and be reported on an IRS Form W-2 and of which $17,558.60 shall represent liquidated damages and be reported on an IRS Form 1099.

(e) $66,784.42 payable to Ramdeo Persad, of which $33,392.21 shall represent back wages subject to lawful payroll deductions and tax withholdings and be reported on an IRS Form W-2 and of which $33,392.21 shall represent liquidated damages and interest and be reported on an IRS Form 1099.

(f) $149,796.98 payable to Joseph & Kirschenbaum LLP as attorneys' fees and costs and reportable on an IRS Form 1099.

(g) Payments treated as back wages to Plaintiffs shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and to the payee under the payee's name and social security number on an IRS Form W-2. Payments treated as interest and/or liquidated or other damages shall be made without withholding and shall be reported to the IRS and to the payee under the payee's name and social security number on an IRS Form 1099. Payments of attorneys' fees and costs shall be made without withholding and reported to the IRS and to the payee under the payee's name and taxpayer identification number, which each such payee shall provide for this purpose, on an IRS Form 1099.

(h) Defendants shall deposit the Settlement Sum in the escrow account of their attorneys of record in the Action no later than July 30, 2020. Defendants shall disburse the Settlement Sum and deliver all settlement checks to Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, NY 10004, to the attention of Denise A. Schulman, Esq. no later than ten calendar (10) days after Court approval of this Agreement. Plaintiffs' counsel, and not Defendants or Defendants' counsel, thereafter, shall be solely responsible for disbursing any settlement amounts to the Plaintiffs. Plaintiffs' counsel, prior to distributing any settlement payment to a Plaintiff, shall secure from the Plaintiff a signed IRS W-4 Form with a valid social security number or tax identification number provided therein and, upon receipt, promptly deliver the W-4 form to Defendants' counsel. The maximum potential amount that Defendants shall be responsible for contributing for the payment to all Plaintiffs and Costs and Fees and any other payment in any form or manner, including interest shall not exceed the $425,000, less applicable tax withholdings, and any employer side taxes on the wage portion of the Settlement Sum.

## 3.    Plaintiffs' Responsibility for Taxes.

Plaintiffs and Plaintiffs' counsel are solely responsible for complying with any and all taxing obligations arising from their receipt of the Settlement Sum, except that Defendants shall be responsible for paying the employer's share of any payroll taxes due on the Settlement Sum. Plaintiffs have not received any tax advice from Defendants or their attorneys as to the Settlement Sum and have had an opportunity to contact their own attorney or accountant regarding the tax

implications of entering this Agreement. Plaintiffs and Plaintiffs' counsel assume full responsibility for their respective portions of the payment of any and all federal, state and local or other taxes or contributions and penalties which may hereafter be imposed or required to be paid by Plaintiffs under any federal or state laws of any kind with respect to the monies paid by Defendants to Plaintiffs pursuant to this Agreement. Plaintiffs and Plaintiffs' counsel expressly acknowledge and warrant that they are, and shall be, responsible for all federal, state, and local tax liabilities which are attributable to them, other than the employer's share of any payroll taxes due on the Settlement Sum, that may result from the payments under this Agreement and shall be responsible for all tax liabilities or penalties arising out of this settlement, that may be assessed against them by the Internal Revenue Service, the New York State Department of Taxation and Finance, or any other federal or state agency on account of any failure to pay such taxes that are the Plaintiff's responsibility. To the extent any Settlement payment results in any overpayment of unemployment benefits to any Plaintiff, the amount of any such overpayment shall be the responsibility of the Plaintiff, unless prohibited by law.

Plaintiffs and Plaintiffs' counsel hereby warrant that Defendants shall bear no responsibility for any such tax liabilities, except for the employer's portion of payroll tax contributions (such as FICA) for which Defendants may be liable. Plaintiffs further agree to indemnify and hold Defendants harmless to the fullest extent allowed by law of any such liabilities, payments or costs, including taxes, interest, and penalties (except such liabilities, payments or costs relating to the employer's payroll tax contributions) which may be assessed against or incurred by Defendants in connection with any payment made to or on behalf of any Plaintiff hereunder.

4. **Releases**

   a. **Plaintiffs' Release.** Plaintiffs, on behalf of themselves and their heirs, executors, administrators, successors, and assigns, in consideration of the Settlement Sum set forth in Paragraph 2 and for the other promises and covenants contained in this Agreement, release and forever discharge Defendants and their respective current, former, and future heirs, executors, administrators, fiduciaries, insurers, agents, employees, attorneys, parents, subsidiaries, divisions, affiliates, predecessors, representatives, agents, successors and assigns, issue, relations by blood or adoption, (Defendants and the foregoing other persons and entities are hereinafter defined separately and collectively as "Defendants' Releasees") from all actions, causes of action, claims, and demands whatsoever, whether known or unknown, whether asserted or unasserted, in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any type of relief under the Fair Labor Standards Act of 1938, including without limitation FLSA claims for wages, overtime, damages, unpaid costs, penalties (including late payment penalties), premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, and any related or derivative claims, including but not limited to related or derivative claims arising under the Employment Retirement Income Security Act ("ERISA"), claims under any legal theory (including but not limited to claims for breach of contract and/or terms and conditions of an applicable collective bargaining agreement) for failure to pay minimum wage, failure to pay

overtime, failure to pay for all hours worked, failure to pay spread of hours, failure to provide meal and rest periods, failure to timely pay final wages, claims under N.Y. Lab. Law § 160 et seq.; N.Y. Lab. Law § 190 et seq. (including, but not limited to, §§ 191, 193, and 198); N.Y. Lab. Law §§ 215 and 218; New York Minimum Wage and Hour Law: NY. Lab. Law § 650 et seq.; and 12 N.Y. Comp. Codes R. & Regs. Pt. 142-2.1 et seq. (including, but not limited to, §§142-2.2, 142-2.4, and 142.-2.14), failure to reimburse for business expenses, failure to pay accrued but unused vacation or paid sick leave, and/or failure to furnish accurate wage statements or other notices (including but not limited to notices of pay rate and payday under Section 195.1 of the New York Labor Law), and any and all claims for recovery of compensation, overtime pay, minimum wage, premium pay, interest, and/or penalties, and any related or derivative claims, including but not limited to related or derivative claims under ERISA, other penalties, related tort and punitive and liquidated damages claims, attorneys' fees, restitution, equitable relief, and/or violations of any other state or local statutory and common law or related to or arising out of any aspect of Plaintiffs' employment with Defendants, any agreement concerning such employment, or the termination of such employment, which Plaintiffs or Plaintiffs' heirs, executors, administrators, successors, and assigns ever had, now have, or hereafter can, will, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date of the Plaintiffs' execution of this Settlement Agreement. This release shall not apply to those claims, if any, that cannot be released as a matter of law under controlling legal authorities. Should any proceeding be instituted by Plaintiffs with respect to matters herein settled, released or waived pursuant to the Agreement, other than an action to enforce the terms of this Agreement, then this Agreement shall be deemed full accord, satisfaction, and settlement of any such claim(s).

b. **Plaintiffs' Counsel's Release.** Upon payment of all professional costs and fees from the Settlement Sum as approved by the Court, Plaintiffs' Counsel, on behalf of the Plaintiffs and their firm, irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she or they may have against Defendants for attorneys' fees, expenses, disbursements and all other costs and fees associated with Plaintiffs' Counsel's representation of the Plaintiffs in this Action, other than for attorneys' fees and costs that may be recoverable under paragraph 7 of this Agreement. Plaintiffs' Counsel further understand and agree that any fee payments approved by the Court will be the full, final, and complete payment of all attorneys' fees, expenses, disbursements and all other costs and fees associated with Plaintiffs' Counsel's representation in the Action, except that Plaintiffs' Counsel may recover additional attorneys' fees and costs in accordance with paragraph 7 of this Agreement.

c. **Defendants' Release.**    Defendants, on behalf of themselves and Defendants' Releasees, in consideration of Plaintiffs' Release as set forth in Paragraph 4(a) of this Agreement and for the other promises and covenants contained in this Agreement, release and forever discharge Plaintiffs and their current, former, and future heirs, executors, administrators, fiduciaries, insurers, agents, employees, attorneys, successors, and assigns, and all persons acting by, through, under, or in concert with

**Page 5 of 13.**

any of them, in their individual or representative capacities (Plaintiffs and the foregoing other persons and entities are hereinafter defined separately and collectively as "Plaintiffs' Releasees"), from all actions, causes of action, claims, and demands whatsoever, whether known or unknown, whether asserted or unasserted, in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to or arising out of any aspect of Plaintiffs' employment with Defendants, any agreement concerning such employment, or the termination of such employment, which Defendants' Releasees ever had, now have, or hereafter can, will, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date of Defendants' execution of this Agreement. This release shall not apply to those claims, if any, that cannot be released as a matter of law under controlling legal authorities or release for third party actions for negligence or property damage.

## 5.     Sufficient Consideration

Plaintiffs acknowledge that they have received good and sufficient consideration as set forth in this Agreement. Plaintiffs expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein.

## 6.     Non-Admission

Parties acknowledge and agree that this Agreement and the consideration provided have been and are made and received solely on the basis of a compromise of disputed claims, and that this Agreement is not, and should not be construed as, an admission by Defendants of any liability or wrongdoing whatsoever, nor is it, nor shall it be construed as, an admission of any act of fact whatsoever, including but not limited to any violation of federal, state, local, or common law, statute, ordinance, directive, regulation or order (including executive order). This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever, and Plaintiffs expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof. There has been no determination by any Court as to the merits of the claims asserted by Plaintiffs against Defendants other than for settlement purposes only.

## 7.     Attorneys' Fees

In the event of any litigation to enforce or regarding a breach of the terms of this Agreement in which a Party is found to have breached a term(s) of this Agreement, the non-breaching party shall be entitled to receive from the breaching party reasonable attorneys' fees and costs up through and including the appellate process.

## 8.     Acknowledgment/Non-Assignment

Plaintiffs acknowledge that they were represented by counsel of their choosing throughout the negotiation and the execution of the Agreement. Plaintiffs further represent that they had

sufficient opportunity to consider this Agreement; that they read each and every word of this Agreement and/or to the extent necessary had this Agreement explained to them fully and carefully to ensure complete understanding of the Agreement's full effect; that it contains the entire understanding between them; that they are not relying upon any representations or statements, written or oral, made by or on behalf of any Party not set forth herein; and that they are signing it knowingly and voluntarily. The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated. Plaintiffs' Counsel and Plaintiffs, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action, or any related action.

9.    **Oral Modifications Prohibited**

This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought, and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

10.   **Choice of Law**

This Agreement shall be interpreted, enforced and governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction, except to the extent federal law governs any matter set forth herein, in which case such federal law shall govern.

11.   **Venue**

The parties hereto acknowledge that this Agreement is exclusively interpreted and enforceable in the federal and state courts of New York located in Manhattan, New York. Plaintiffs and Defendants hereby waive any pleas of improper jurisdiction or venue in the United States District Court for the Southern District of New York, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be exclusively commenced or filed in the United States District Court for the Southern District of New York or such New York State Court as lies within the geographic area encompassed by the United States District Court for the Southern District of New York. The Parties shall further request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby, except as otherwise stated herein.

12.    **Stipulation of Dismissal and Settlement Approval**

Upon execution of this Agreement by all Parties, Plaintiffs shall submit the Agreement together with the Stipulation of Dismissal annexed hereto as Exhibit A to the Court for approval. The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each Party, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement. Payment of the Settlement Sum due under this Agreement is contingent upon the Court approving this Agreement. In the event the Court fails to approve this Agreement or the Agreement does not become effective, the Parties jointly agree to first (1) seek reconsideration or appellate review of the decision denying approval of this Agreement, or (2) attempt to renegotiate the Settlement and seek Court approval of the renegotiated Settlement. If the parties are unable to successfully appeal the judgment or renegotiate the Settlement, the Parties agree that this Agreement shall have no force or effect; the Parties shall return to the litigation status quo as of July 16, 2020; the litigation will proceed as if no settlement had been attempted; none of the Parties will be deemed to have waived any claims, objections, defenses, or arguments with respect to the issue of class or collective action certification or the merits of Plaintiffs' claims or Defendants' defenses or any other issue; and Defendants shall have no obligation to make any payment under this Agreement. Neither this Agreement, nor any other related papers or orders, nor the negotiations leading to the Settlement, shall be cited to, used, or admissible in any judicial, administrative, or arbitral proceeding for any purpose or with respect to any issue.

13.    **Entire Agreement/Counterparts**

This Agreement constitutes the entire agreement among the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings among the Parties shall be deemed merged into this Agreement. This Agreement may be executed in multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement. This Agreement is binding notwithstanding the passage of any legislation, bill, regulation, or other change in the law that may materially affect the rights of any Plaintiffs in this Action. This Agreement shall become effective upon its full execution.

14.    **Facsimile, Electronic, and Email Signatures**

Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party.  Any signature made electronically or transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

## 15.   Severability

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

## 16.   Drafting

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship. The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

_____   Date: __8-8-__, 2020
Carl Orlando, Jr.

_____   Date: _____, 2020
Leonard Menna

_____   Date: _____, 2020
Luis Acevedo

_____   Date: _____, 2020
Quamaine Powell

_____   Date: _____, 2020
Ramdeo Persad

_____   Date: __8-14__, 2020
Liberty Ashes, Inc.
By:
Its:

_____   Date: _8-12-2020_, 2020
Francesco Bellino

**Page 9 of 13.**

**15.** **Severability**

      The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

**16.** **Drafting**

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship. The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

_____ Date: _____ , 2020
Carl Orlando, Jr.

_____ Date: 8/10/2020 _____ , 2020
Leonard Menna

_____ Date: _____ , 2020
Luis Acevedo

_____ Date: _____ , 2020
Quamaine Powell

_____ Date: _____ , 2020
Ramdeo Persad

_____ Date: 8 - 14 _____ , 2020
Liberty Ashes, Inc.
By:
Its:

_____ Date: 8-12-2020 _____ , 2020
Francesco Bellino

**Page 9 of 13.**

**15.** **Severability**

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

**16.** **Drafting**

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship. The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

_____ Date: _____, 2020
Carl Orlando, Jr.

_____ Date: _____, 2020
Leonard Menna

_____ Date: 8/10/2020 _____, 2020
Luis Acevedo

_____ Date: _____, 2020
Quamaine Powell

_____ Date: _____, 2020
Ramdeo Persad

_____ Date: 8 – 1 4 _____, 2020
Liberty Ashes, Inc.
By:
Its:

_____ Date: 8-12-2020 _____, 2020
Francesco Bellino

**Page 9 of 13.**

## 15.    Severability

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

## 16.    Drafting

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship. The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.


_____    Date: _____, 2020
Carl Orlando, Jr.


_____    Date: _____, 2020
Leonard Menna


_____    Date: _____, 2020
Luis Acevedo

DocuSigned by:
_____    Date: 8/10/2020 _____, 2020
09C7CBEA02234DA...
Quamaine Powell


_____    Date: _____, 2020
Ramdeo Persad


_____    Date: 8 - 14 _____, 2020
Liberty Ashes, Inc.
By:
Its:

Francesco Bellino _____    Date: 8-12-2020 _____, 2020
Francesco Bellino


**Page 9 of 13.**

DocuSign Envelope ID: B92BF4DA-6CB9-45DC-BC4F-DC460D951B88

15.    **Severability**

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

16.    **Drafting**

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship. The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

_____    Date: _____, 2020
Carl Orlando, Jr.

_____    Date: _____, 2020
Leonard Menna

_____    Date: _____, 2020
Luis Acevedo

_____    Date: _____, 2020
Quamaine Powell

_____    Date: 8/12/2020 _____, 2020
Ramdeo Persad

_____    Date: 8 – 1 4 _____, 2020
Liberty Ashes, Inc.
By:
Its:

_____    Date: 8-12-2020 _____, 2020
Francesco Bellino

**Page 9 of 13.**

Date: __8-14-20__, 2020
Michael Bellino, Jr.

Date: __8/14__, 2020
Stephen Bellino

Date: __8/14__, 2020
Michael Bellino

DocuSigned by:

*Denise Schulman*    Date: 8/10/2020 , 2020
Denise Schulman, Esq. with authority from Joseph & Kirschenbaum, LLP

**Page 10 of 13.**

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CARL ORLANDO, Jr.,
on behalf of himself and other similarly          Index No. 15 CV 9434 (RJS)
situated individuals,

               Plaintiffs,

    v.

LIBERTY ASHES, INC., FRANCESCO
BELLINO, MICHAEL BELLINO, JR.,
STEPHEN BELLINO, and MICHAEL
BELLINO,

               Defendants.
------------------------------------------------------------x

## STIPULATION AND ORDER OF DISMISSAL

IT IS HEREBY STIPULATED that this action is hereby dismissed with prejudice and without costs or attorneys' fees to any party against any other except as set forth in the Settlement Agreement and Release between the Parties. This Stipulation may be filed with the Court without further notice to any party. This Court shall retain subject matter and personal jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby, except as otherwise stated herein.

Dated: New York, New York
       August 17         , 2020

For the Plaintiffs:                          For the Defendants:

_____                    _____
D. Maimon Kirschenbaum                        Christopher Smith
Denise A. Schulman                            TRIVELLA & FORTE, LLP
JOSEPH & KIRSCHENBAUM LLP                      1311 Mamaroneck Avenue, Suite 170
32 Broadway, Suite 601                         White Plains, NY 10605
New York, NY 10004


So Ordered: _____
            Hon. Richard J. Sullivan (U.S.C.J.)